William PHIFER, Petitioner–Appellant,

v.

WARDEN, UNITED STATES PENITEN-TIARY, TERRE HAUTE, INDIANA, Respondent–Appellee.

No. 94–2566.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 4, 1995.

Decided May 11, 1995.

Cheryl J. Sturm (argued), West Chester, PA, for petitioner-appellant.

Winfield D. Ong, (argued), Office of the U.S. Atty., Indianapolis, IN, for respondent-appellee.

Before POSNER, Chief Judge, CUDAHY, Circuit Judge, and GRANT, District Judge.[*]

CUDAHY, Circuit Judge.

William Phifer is an inmate moving to reopen a Petition for a Writ of Habeas Corpus. He originally filed a petition with the district court, alleging numerous errors in a parole revocation hearing. The district court located one error and conditionally granted his writ; the district court did not, however, address Phifer's remaining claims. Instead, the district court directed that the writ of habeas would issue unless the Parole Commission ordered and scheduled a new parole revocation hearing. Phifer essentially contends that a full revocation hearing, as contemplated by the district court's order, was never held. Because the Parole Commission did not accord Phifer a full second hearing, the district court's original failure to address all of Phifer's claims became a problem; a number of Phifer's claims have never been addressed. In its order denying Phifer's motion for lack of jurisdiction, the district court failed to address this allegation. We therefore vacate and remand.

## I.

In 1977, William Phifer was sentenced to 24 years in prison for crimes relating to his involvement in a bank robbery. In 1989, after serving 12 years of his sentence, Phifer was released on parole. His release was short-lived. Less than one year later, the authorities took Phifer back into custody in light of a number of considerations, among them suspected drug use, violence and involvement in another armed robbery.

The Parole Commission ultimately revoked Phifer's parole, citing three considerations. First, the Commission found that Phifer had engaged in criminal mischief in the third degree because he had been arrested and charged with assault. Second, the Commission determined that evidence suggested that Phifer had used dangerous and habit forming drugs. Third, the Commission found that Phifer had violated a parole condition that required his participation in counseling services for his drug use. The hearing examiners made *no finding* regarding Phifer's alleged involvement in the armed robbery. After the hearing, however, the Regional Commissioner recommended that Phifer should be held responsible for the robbery as well.

Phifer first appealed his parole revocation to the National Appeals Board, exhausting his administrative remedies. Phifer then filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In this petition, Phifer made four separate allegations:

[*] The Hon. Robert A. Grant, District Judge for the Northern District of Indiana, sitting by designa- tion.

1) that he had been denied prehearing disclosure of police reports which the Commission relied upon in reaching its decision, in violation of 28 C.F.R. 2.50(d); 2) that his offense severity had been calculated in reliance on erroneous information; 3) that the United States Parole Commission violated his due process rights in failing to hold a local revocation hearing; and 4) that the Federal Bureau of Prisons violated his due process rights in moving him to another district while a revocation hearing was pending. The District Court agreed with Phifer, at least as to the first of his claims, finding that:

> Phifer has established without contradiction the nondisclosure of the New York police reports, which bear a critical relation to the armed robbery finding. The respondent has established merely that these reports were among the materials received at his institution—not that Phifer and his counsel were permitted to examine them. In fact, Phifer contends that the reports were not even permitted to be inspected at the revocation hearing itself and has demonstrated that the Parole Commission subsequently refused to disclose the reports in a Freedom of Information Act request.
>
> This finding *pretermits consideration of Phifer's other claims. He is entitled to a new hearing.* The writ the petitioner seeks shall therefore issue on this basis, unless within sixty (60) days the Parole Commission orders and schedules a new hearing consistent with this entry.

Jan. 6, 1993 Order (emphasis added).

Accordingly, the Commission held a second revocation hearing. The record fails to indicate exactly what transpired at this second hearing. In short, it is not evident whether the Parole Commission conducted a full revocation hearing the second time around. Phifer contends that although the Parole Commission disclosed the previously-omitted police reports, the Commission refused to address any other matters. He suggests that the second hearing provided by the Parole Commission therefore failed to comply with the district court's order. The State, of course, asserts that the second hearing fully complied with the district court's mandate.

Whatever happened at this second hearing, its outcome was the same as the first: Phifer's sentence was reinstated.

Not surprisingly, Phifer again complained to the district court. Specifically, he filed a Motion to Reopen his original Petition for a Writ of Habeas Corpus. He essentially complained that some of his claims got lost in a paper shuffle; that is, he suggests that the combination of proceedings between the district court and the Parole Commission resulted in an ultimate failure to address all of his claims. In his view, the district court's order commanded a complete rehearing of his parole revocation (not merely a rehearing for the purposes of disclosing the previously omitted police reports). Since he believed that he would receive a complete rehearing of his revocation, he did not complain about the district court's failure to address every claim originally asserted in the first habeas petition. Phifer became concerned, however, when it became apparent that the Parole Commission did not intend to examine matters outside of the scope of the police reports. Upon revocation, he therefore moved to have the remainder of his original claims addressed.

The district court ultimately denied Phifer's motion, holding that its original order was final and that it no longer had jurisdiction in light of Phifer's transfer to White Deer, Pennsylvania. The district court further noted that the Parole Commission had complied with its order. In the district court's view, the proper procedural route for Phifer to traverse involves the filing of a *second* Petition for a Writ of Habeas Corpus (in order to contest the outcome of the second hearing).

■ Phifer appeals, claiming that the district court has jurisdiction and should consider all of the allegations in his original habeas petition. We believe that a district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order. We therefore vacate and remand.

## II.

This case requires us to address questions of jurisdiction—both our own and that of the

district court. The State makes two allegations on appeal. First, it suggests that we lack jurisdiction in light of Phifer's failure to timely file a notice of appeal after entry of the district court's original order (conditionally granting the writ). Second, the State defends the district court's later conclusion that *it* lacked jurisdiction over Phifer's complaints about the second hearing. To support both of its allegations, the State relies upon the more general principle that a conditional grant of a habeas writ is ordinarily final and appealable, and as such, determines matters between the parties.

■ An appeal in a habeas corpus proceeding lies from a "final order," ultimately subjecting the district court's conclusions to review by the court of appeals for the circuit in which the proceeding took place. 28 U.S.C. § 2253. *See generally, Browder v. Illinois Dept. of Corrections,* 434 U.S. 257, 265, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978). Courts have struggled with defining the prerequisites for determining an order's "finality." It is clear that an order denying all of the claims in the petition is final for the purpose of appeal—as is an order that definitively grants the writ and orders the petitioner's release.

■ Conditional orders, too, are ordinarily considered "final." *Browder,* 434 U.S. at 267, 98 S.Ct. at 562. These orders conditionally or provisionally grant the requested habeas relief; that is, they grant the writ of habeas *unless* some further specified action occurs within the state agency being challenged. *See generally Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir.1992), *cert. denied,* ── U.S. ──, 113 S.Ct. 1879, 123 L.Ed.2d 497 (1993) (order which directed release and retrial within 90 days was "final" for the purposes of appeal); *Blazak v. Ricketts,* 971 F.2d 1408, 1410–11 (9th Cir.1992), *cert. denied,* ── U.S. ──, 114 S.Ct. 1866, 128 L.Ed.2d 487 (1994) (order granting writ but leaving state free to retry petitioner if it chose "final" for purposes of appeal); *Hull v. Freeman,* 932 F.2d 159, 163 (3d Cir.1991) (order which directed release from custody in the absence of retrial "final" for purposes of appeal); *Blake v. Kemp,* 758 F.2d 523, 525 (11th Cir.), *cert. denied,* 474 U.S. 998, 106

S.Ct. 374, 88 L.Ed.2d 367 (1985) (same); *Edwards v. Louisiana,* 496 F.2d 904, 906 (5th Cir.1974) (order which directed release unless counsel was appointed and appeal reheard considered "final").

The reason that conditional orders are ordinarily considered final is that they generally terminate proceedings between the parties. *Burton,* 975 F.2d at 693–94. The district court has stated the grounds for its judgment, and release is ordered unless specified action occurs. "Although the order is conditional, nevertheless it is a final disposition of the disputed matters based on the court's understanding of the law and on its findings of fact." *Allen v. Hadden,* 738 F.2d 1102, 1106 (10th Cir.1984). In this sense, matters no longer remain in the district court's hands. If the state complies with its order, the petitioner will not be released; if the state fails to comply with its order, release will occur. Ordinarily, the only task that remains for the district court is the execution of judgment. *Hull,* 932 F.2d at 164.

■ The rule that considers conditional orders "final" thus focuses upon their nature. This rule also admits an exception. When proceedings before the district court have not been terminated, an order—whether termed "conditional" or not—is not considered "final" for jurisdictional purposes. We recognized as much in *Heirens v. Mizell,* 729 F.2d 449, 455 (7th Cir.), *cert. denied,* 469 U.S. 842, 105 S.Ct. 147, 83 L.Ed.2d 85 (1984). There, although the district court's order mandated a new parole hearing, it failed to specify the consequences of the state's failure to comply with its mandate. We stated:

> Even if no parole hearing had subsequently been provided, [petitioner] would *not* have been automatically released from custody. To gain that relief, he would have had to file a motion requesting that the court find the Parole Board in contempt and accompany that motion with a request for an order directing his release.

729 F.2d at 455. In view of the action that remained to be taken in the district court, we found that the district court's order *was not* "final" for jurisdictional purposes. *Id. See*

also *Marshall v. Lansing,* 839 F.2d 933, 940–41 (3d Cir.1988) (where "the finality of the order was not clearly established at the time of the order," the order itself was not final); *Allen,* 738 F.2d at 1106 (where petitioner had to petition the court for further relief in the event of noncompliance, order was not final); *Broussard v. Lippman,* 643 F.2d 1131, 1133 (5th Cir.), *cert. denied,* 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981) (when "a district court anticipates that further proceedings on substantive matters may be required, any order it makes to facilitate those further proceedings is necessarily not final"); *United States ex rel. Fielding v. Degnan,* 587 F.2d 619, 621 (3d Cir.1978). When further action in the district court is necessary, we will not consider an order "final."

■ In the present case, the order appeared to be final. In it, the district court stated:

It is now adjudged and decreed that the United State (sic) Parole Commission order and schedule a new parole revocation hearing for the petitioner in the above action within sixty (60) days and that it conduct such hearing in accordance with applicable law.

It is further adjudged and decreed that in the event a new hearing is not ordered and scheduled as directed herein a writ of habeas corpus issue directing the petitioner's release and reinstatement of his parole.

Jan. 6, 1993 Judgment. Essentially, this order fulfills the criteria set forth earlier. It specifies the precise terms of judgment, and it orders Phifer's release in the event that the Parole Commission fails to comply with those terms. The district court apparently did not contemplate, at the time that it entered this judgment, that it would need to take further action in the case. Under the standards noted, *see Burton,* 975 F.2d at 693–94, the conditional order was final for the purposes of appeal.

■ The district court failed, however, to address all of Phifer's claims. This factor, without more, does not necessarily affect the finality of a conditional order. *Blazak,* 971 F.2d at 1410–12; *Young v. Herring,* 777 F.2d 198, 201–02 (5th Cir.1985). *But see Stewart*

*v. Bishop,* 403 F.2d 674, 680 (8th Cir.1968). But it does suggest that the Parole Commission needed to afford Phifer a full second hearing before revoking his parole. When the district court mandated a new hearing, it noted that the hearing "pretermits consideration of Phifer's other claims." Jan. 6, 1993 Order. Although the district court's precise intentions could certainly have been made much clearer, the fact that it believed that it did not need to address all of Phifer's claims suggests that it viewed the new hearing as rendering those claims moot. That is, the district court seemed to assume that if the Parole Commission granted a *full* second hearing, then all of Phifer's complaints arising from actions taken in the first hearing would be cured (presumably because the second hearing would supplant the first).

This is not a completely unreasonable assumption to make, *see Blazak,* 971 F.2d at 1412–13; it merely reflects the notion that judgment as to one claim may be dispositive as to the others. Ordinarily, a district court should try to rule upon all of the grounds presented in a habeas petition. *See Stewart v. Peters,* 958 F.2d 1379, 1388 (7th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 239, 121 L.Ed.2d 173 (1992) (reversing the conditional grant of a writ and remanding for further proceedings with the admonition that "[t]he better practice in habeas corpus death cases is for the judge to rule on *all* the grounds presented in the petition"); *Clisby v. Jones,* 960 F.2d 925, 935–38 (11th Cir.1992) (adopting a categorical rule that district courts must either decide all asserted claims or certify partial dispositions of claims as final judgments under Fed.R.Civ.P. 54(b)). Granting a writ but leaving claims unresolved fails to take the possibility of reversal on appeal into account; should an appellate court reverse the conditional grant of the writ, a petitioner's remaining claims will have to be addressed. *Stewart,* 958 F.2d at 1388. But that is a problem that we do not confront today. Here, the district court's use of the strategy may have simply meant that it needed to ensure that the Parole Commission did, in fact, provide a full second hearing (or, alternatively, address Phifer's remaining claims).

Phifer suggests that the second hearing afforded by the Parole Commission did not amount to a full second hearing. Instead, according to Phifer, the Parole Commission limited the issues addressed at the second hearing to those surrounding the previously undisclosed police reports. Because the Parole Commission did not provide a full second hearing, Phifer claims that his original complaints about procedures employed at the first hearing have never been addressed. To the extent that any determinations made at the first hearing remain intact (in the sense that they were not supplanted by a full second hearing), they must, in Phifer's view, be addressed.

Phifer is essentially making the allegation that the Parole Commission failed to comply with the district court's order. The district court apparently made findings on this precise point. In its order denying Phifer's motion, it stated that the "Parole Commission complied with the conditions and granted petitioner a new hearing." June 1, 1994 Order. The district court did not, however, address the remainder of Phifer's complaint. Although it stated that the Parole Commission "complied," it did not rebut the allegation that matters at the second hearing were limited to the disclosure of the police reports. Neither did it examine whether some of Phifer's claims had gotten lost in the shuffle and ultimately gone unaddressed.

Without these determinations, we do not view the district court's handling of matters as complete. Our considered reading of the district court's order suggests that it believed that a full second hearing would alleviate all of Phifer's complaints; but we do not know this for certain. Accordingly, on remand, the district court should shed some light on the content of its order, explaining, in particular, why it believed the second hearing would obviate the need to respond to Phifer's remaining allegations of error. The record also fails to indicate exactly what transpired at this second hearing. The district court should make precise findings on this matter since, at this point, its determination that the Parole Commission "complied" is simply an unsupported conclusion. Phifer contends that matters discussed at this second hearing

were limited to the previously undisclosed police reports. If this is true, the district court needs to explain how the limited nature of the second hearing impacts its earlier conclusion that it did not need to address all of Phifer's claims. We want to make certain, in short, that all of Phifer's claims have been addressed, or alternatively, that no need to address them exists in light of a (possibly) comprehensive second hearing on revocation. The present record does not allow us to make this determination. The district court should accordingly make the findings that we have specified on remand.

Contrary to the district court's belief, it did possess the jurisdiction to make findings in this regard. If, in its original order, it intended to simply reserve judgment on Phifer's remaining claims (a conclusion which we doubt in light of the district court's handling of the case), then jurisdiction existed under the rule of *Heirens,* 729 F.2d at 455. *See also Bermudez v. Smith,* 797 F.2d 108, 109 (2d Cir.1986) (order dismissing some claims but reserving judgment on others not final for purposes of appeal). If, on the other hand, the district court intended its order to be a final disposition of Phifer's claims, the district court retained jurisdiction to determine whether the Parole Commission complied with its mandate, possibly curing all of the defects that Phifer alleged in the first hearing.

■ It is well-settled that a district court can order a petitioner's release. This, in fact, is the very essence of habeas relief. "Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him." *Fay v. Noia,* 372 U.S. 391, 430–31, 83 S.Ct. 822, 844, 9 L.Ed.2d 837 (1963). This power continues even after courts grant conditional orders; if the state fails to meet the condition specified in the conditional order, the district court may order the petitioner's release. *Smith v. Lucas,* 9 F.3d 359, 366–67 (5th Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 98, 130 L.Ed.2d 47 (1994); *Paz v. Warden,* 787 F.2d 469, 473 (10th Cir.1986); *Billiteri v. United States,* 541 F.2d 938, 944 (2d Cir.1976). Conditional orders are essentially accommoda-

tions accorded to the state. They represent a district court's holding that a constitutional infirmity justifies petitioner's release. The conditional nature of the order provides the state with a window of time within which it might cure the constitutional error. Failure to cure that error, however, justifies the district court's release of the petitioner. *Smith,* 9 F.3d at 366.

A conditional order's framework contemplates that a district court will eventually make an assessment concerning compliance with its mandate. In many cases, whether or not the state has complied will be apparent—where, for instance, a court orders a new hearing and the state completely fails to provide one. In these cases, a specific assessment concerning compliance may be unnecessary—the writ will simply issue because it is apparent that the state has not fulfilled the mandate. In other cases, however, the district court will need to examine the content of the state's action to determine whether compliance was sufficient. *See Paz,* 787 F.2d 469.

 Contrary to the district court's belief, therefore, it retained jurisdiction to address Phifer's claim.[1] That jurisdiction was encompassed in the same power that would have enabled the court to release Phifer. Because questions existed concerning the State's compliance with the district court's mandate, proceedings between the parties revived. Under the rule we laid down in *Heirens,* the need for further action in the district court negates the finality of a conditional order. 729 F.2d at 455. *See also Broussard,* 643 F.2d at 1133 ("The order must not merely have the potential to be the final action, it must, in fact, *be* the final action of the district court."). When a petitioner alleges noncompliance, the district court must make a finding concerning the sufficiency of the action that the state took pursuant to its mandate. Under these circumstances, an order that we might otherwise consider "final" loses that character for the purpose of determining whether or not the state in fact complied with the order's terms. Any other rule—such as requiring a petitioner to file a second

habeas claim, possibly before a different judge, to assess compliance with the first writ—would be cumbersome and unnecessarily consumptive of judicial resources.

The approach that we follow here hardly alters the "final" character of conditional orders that end litigation and mandate a petitioner's release. *Heirens,* 729 F.2d at 455. Phifer could have appealed the district court's order under the well-established rules concerning finality that we have discussed. *See Browder,* 434 U.S. at 267, 98 S.Ct. at 562. And when a petitioner has a complaint with the terms of the conditional order on its face, this is the route that we expect him to take. But the district court's order in the present case was facially unobjectionable. It apparently mandated a *full* rehearing of Phifer's revocation; absolutely nothing in the language of the order suggested that rehearing could or would be limited to the disclosure of police reports. Neither was the order apparently ambiguous on this point. In short, when the district court issued the order, there was no reason for Phifer to complain or to request that the district court issue an order that was more specific. Under these circumstances, Phifer cannot have been expected to file an immediate appeal. He simply was not aware, until the Parole Commission acted, that he had any complaints.

### III.

 Phifer suggests that the Parole Commission failed to comply with a conditional order issued by the district court. He asserts that this failure left a number of his claims unaddressed. The district court needs to make specific findings concerning his complaints. When a habeas petitioner alleges noncompliance with a conditional order, jurisdiction exists for the purpose of determining whether the state acted in accordance with the court's mandate. In light of this principle, we VACATE and REMAND for proceedings consistent with this opinion.

---

1. Because the district court had jurisdiction over Phifer's action, we have jurisdiction in the present appeal. Phifer timely filed his notice of appeal from the district court's June 1, 1994 judgment. Fed.R.App.P. 4(a)(1).