**Jerry E. WATKINS, Petitioner,**

v.

**Charles MILLER, Respondent.**

**No. IP97–485C H/G.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

July 21, 2000.

William E. Marsh, Indiana Fed.' Community Defenders, Indianapolis, IN, Joseph M. Cleary, Hammerle Foster Allen & Long–Sharp, Indianapolis, IN, for plaintiff.

Jerry E. Watkins, Pendleton, IN, pro se.

Michael A. Hurst, Thomas D. Perkins, Office of Indiana Attorney General, Indianapolis, IN, for defendant.

## ORDER FOR IMMEDIATE COMPLIANCE WITH WRIT OF HABEAS CORPUS

HAMILTON, District Judge.

On April 24, 2000, this court granted petitioner Jerry Watkins' petition for a writ of habeas corpus. *Watkins v. Miller*, 92 F.Supp.2d 824 (S.D.Ind.2000). Respondent appealed. On July 19, 2000, respondent filed with the United States Court of Appeals for the Seventh Circuit a motion to dismiss voluntarily the appeal of this court's writ of habeas corpus. The respondent's motion also asked the Court of Appeals to lift that court's stay of this court's judgment. The respondent filed those papers after receiving results of further DNA tests showing that the male portions of vaginal swabs taken from the murder victim in this case could not have come from Watkins.

This court has just been notified that the Seventh Circuit has dismissed the appeal and lifted its previous stay. Accordingly, respondent Miller is hereby ORDERED to release petitioner Jerry Watkins from custody immediately. This order shall be docketed and distributed to all counsel immediately.

Respondent filed with this court today a status report and a request that this court impose new conditions on the writ it has previously issued. Respondent proposes numerous conditions on petitioner, including provisions to prohibit contact with the victim's family; contact with any children; being present within 1,000 feet of parks, schools, day care centers, and other places where children gather; possession of any sexually arousing materials; and all possession or use of any alcohol, as well as other controlled substances. Respondent also proposes that petitioner be required

to participate in and cooperate with appropriate counseling, to notify the court and counsel of his address and telephone number, and to register as a sex offender with the Indiana Criminal Justice Institute.[1]

Respondent asserts generally that this court retains equitable power to impose conditions on the writ, citing *Hilton v. Braunskill,* 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), and *Phifer v. Warden,* 53 F.3d 859, 861 (7th Cir.1995). However, respondent offers no legal justification for imposing these restrictions—which would be enforceable by contempt sanctions, up to and including further imprisonment—in a case like this one, in which there is no valid conviction and no appeal and thus no prospect that the conviction might be reinstated.

When respondent filed his notice of appeal and sought a stay pending appeal, this court sought by its order of May 16, 2000, to provide a staged and gradual transition for Watkins to complete freedom after more than fourteen years of unlawful imprisonment for a crime he did not commit. See *Watkins v. Miller,* 2000 WL 680418 (S.D.Ind. May 16, 2000). Respondent opposed those actions, however, and successfully persuaded the Court of Appeals to stay this court's order. The more gradual transition this court had directed therefore could not take place while the appeal was pending. As a result of that action, plus today's order dismissing the appeal, neither the State of Indiana nor this court has any legal basis for imposing any restrictions on the freedom of petitioner Watkins, including the conditions proposed by respondent.

The State of Indiana first did not provide appropriate counseling to Watkins as its own staff recommended. See *Watkins v. Miller,* 2000 WL 680418, *5–6. Then, at a stage of this proceeding when this court still retained the power to impose conditions and restrictions on Watkins, the State of Indiana succeeded in overturning

this court's order that would have provided for such counseling and appropriate "staging" of Watkins' transition from a high security prison to freedom. After neglecting the first and then blocking the second of those courses of action, the State now asks for this court's help in finally providing at least some counseling.

The court hopes that Watkins will take advantage of appropriate opportunities for counseling, but the state's request for this court to impose the numerous restrictions on Watkins—enforceable by the prospect of more prison time—comes too late and without any legal justification. At this point, Watkins stands before the law as a man who was convicted of child molesting fifteen years ago, who was punished then, and who served and completed his sentence long ago. The law has no additional hold on him. The murder conviction is void, and the evidence of Watkins' actual innocence is compelling. Neither this court nor any other court has grounds at this point to impose the conditions requested by respondent. That request is therefore denied.

So ordered.

---

1. The court expresses no view on whether Watkins 1985 conviction would require him to comply with more recent Indiana laws requiring such registration.