**Dean E. BLANCK, Petitioner–Appellant,**

v.

**Rondle ANDERSON, Respondent–Appellee.**

No. 00–1457.

United States Court of Appeals, Seventh Circuit.

Submitted July 23, 2001.*

Decided July 25, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

Before Hon. BAUER, Hon. COFFEY, and Hon. WILLIAMS, Circuit Judges.

## ORDER

Indiana prisoner Dean Blanck filed a petition for habeas corpus under 28 U.S.C. § 2254 claiming that his due process rights were violated during a prison disciplinary proceeding against him for fighting with another inmate. The district court agreed with Blanck that the prison's conduct adjustment board ("CAB") failed to issue an adequate statement of reasons for its guilty finding, yet concluded that Blanck's due process rights were not violated in any other respect. The court initially ordered the CAB to conduct a new disciplinary hearing within 120 days or else the court would grant Blanck's petition. Later, however, the court amended its order to require only that the CAB issue within 120 days a revised statement of findings or else the court would grant the writ. Blanck appeals, but because we do not believe that the district court's revised order is a final appealable judgment, we dismiss the appeal for lack of jurisdiction.

On March 21, 1999 prison officers Sergeant A. Neal and Officer K. Joiner observed Blanck and another inmate named Wilkins hitting and wrestling near the prison's phone area. The two inmates ignored the officers's orders to discontinue fighting, and so they called for assistance from other guards to secure the area. On March 24 Blanck was given a conduct report for fighting. The CAB held a disciplinary hearing on April 1, 1999. In his defense Blanck contended that he and Wilkins were not actually fighting but, rather, were involved in a wrestling match. He explained that he did not comply when the guards ordered them to desist because he did not hear the orders. Moreover, Blanck argued that, had the prison administration properly regulated inmate phone use, then the incident would not have happened. In lieu of live testimony, some of the witnesses Blanck had requested submitted written statements. According to Blanck, he also attempted to support his defense by submitting his own affidavit, but the CAB declined to consider it. The CAB found Blanck guilty of fighting, explaining that "[b]ased on the preponderance of evidence, CAB finds the offender guilty. It doesn't matter what the reason is, you were still involved in a fight." *Id.* at 40. As a result of the guilty finding, Blanck was sentenced to time served in disciplinary segregation, and demoted from good-time credit earning class II to earning class III.

After exhausting his administrative appeals, Blanck filed his petition under § 2254 claiming that he was denied due process because the CAB was biased and retaliating against him for filing a civil rights action against prison employees; because he was denied the ability to present live witness testimony and was not allowed to see the submitted witness statements; because the CAB did not accept his sworn affidavit as exculpatory evidence; and because the CAB failed to provide a sufficient statement of the reasons relied upon to find him guilty of the fighting charge. The district court, after ordering briefing, concluded that the CAB's statement of reasons for its finding of guilt was inadequate but that in every other respect the disciplinary proceeding was conducted in accordance with the Constitution. The court then ordered that the prison convene a new disciplinary hearing within 120 days or else Blanck's petition would be granted in full. The state moved for reconsideration, arguing that the CAB should instead be permitted to issue revised written reasons without conducting a

whole new proceeding. On January 7, 2000, the district court granted the motion and ordered the following:

> The court now CONDITIONALLY GRANTS petitioner's habeas corpus petition. Further, the court GRANTS the respondent leave to conduct a review of the CAB record and issue a revised written statement of reasons for its decision in compliance with the mandates of [due process]. If the respondent fails to issue a revised written statement within 120 days of this Order, *the petition will be fully granted* and any sanctions imposed as a result of the April 1, 1999 CAB hearing *will be ordered expunged.*

January 7, 2000 Order (emphasis added). Blanck filed his notice of appeal on January 26, 2000, and the CAB issued a new statement of reasons on March 1, 2000.

Pursuant to 28 U.S.C. § 1291, appellate courts have jurisdiction of appeals from "final decisions" of district courts. 28 U.S.C. § 1291. Generally, a district court's decision is final under § 1291 if the decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Trustees of the Pension, Welfare, and Vacation Fringe Benefit Funds of IBEW Local 701 v. Pyramid Elec.,* 223 F.3d 459, 463 (7th Cir.2000) (citation and internal quotations omitted); *accord Union Oil Co. of Calif. v. John Brown E & C,* 121 F.3d 305, 309 (7th Cir.1997). We are obliged to ensure that a purported final order is indeed "final" and appealable, even if the litigants do not dispute that the judgment is final. *See ITOFCA, Inc. v. MegatTrans Logistics, Inc.,* 235 F.3d 360, 363 (7th Cir.2000). In habeas corpus cases, conditional orders that grant relief unless some further action happens are ordinarily considered "final" for § 1291 purposes. *Phifer v. Warden,* 53 F.3d 859, 862 (7th Cir.1995). Yet regardless whether labeled "conditional," a district court's order is not "final" if the proceedings before the court have not ter-minated. *Id.* The key inquiry is whether "further action in the district court is necessary"; if so, the order is not final. *Id.* at 863.

As we interpret the order entered in this case, the district court contemplated further action for itself—either to review the prison's compliance with its order or to grant the writ for noncompliance. Specifically, the court ordered that the CAB was to revise its statement of reasons within 120 days to comply with due process and, if the state had not produced an adequate statement of reasons by that time, *then* Blanck's petition "will be fully granted" by the court's future entry of an order expunging his sentence. *Cf. id.* at 862 (reviewing cases in which conditional orders, *first* granting petition *then* allowing state to retry within a specified time period, were considered "final"). Because the court's order reserves for itself the ability to review the adequacy of the revised statement of facts and enter a future order granting Blanck's petition, the order is not final.

Accordingly, we DISMISS the appeal for lack of jurisdiction.