Carl McQUILLION, Petitioner,

v.

William A. DUNCAN, Warden,
Respondent.

No. CV 98–3680 DT(JWJ).

United States District Court,
C.D. California,
Western Division.

March 27, 2003.

Maria E. Stratton, Federal Public Defender, Monica Knox, Deputy Federal Public Defender, Los Angeles, CA, for Petitioner.

Bill Lockyer, Attorney General of the State of California, Robert R. Anderson, Chief Assistant Attorney General, Paul D. Gifford, Senior Assistant Attorney General, Allen R. Crown, Supervising Deputy Attorney General, Julie L. Garland, Supervising Deputy Attorney General, San Diego, CA, for Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

TEVRIZIAN, District Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has reviewed the Petition for Writ of Habeas Corpus along with the Motion to Alter or Amend the Judgment and attached Report and Recommendation of the United States Magistrate Judge, and has made a *de novo* determination of the Report and Recommendation.

**IT IS ORDERED** that the State's Motion to Alter or Amend the Judgment is denied and that petitioner be released from custody pursuant to this Court's January 27, 2003 Judgment.

**IT IS FURTHER ORDERED** that this Court's January 27, 2003 Judgment is **stayed** pending the Ninth Circuit's consideration and disposition of respondent's appeal of that Judgment requiring the re-

lease of petitioner, or until the time to appeal has expired should respondent elect not to appeal, whichever is later.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

JOHNSON, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Dickran Tevrizian, United States District Judge, by United States Magistrate Judge Jeffrey W. Johnson, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that respondent's Motion to Alter or Amend the Judgment (filed on January 31, 2003) be denied. It is further recommended that the Memorandum and Order of January 27, 2003 (hereinafter "Judgment"), granting the writ pursuant to the mandate of the United States Court of Appeals for the Ninth Circuit and directing that petitioner be released from custody, be stayed to afford respondent an opportunity to appeal the propriety of this court's implementation of the Ninth Circuit's mandate.

### I. BACKGROUND

On May 12, 1998, petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" (hereinafter "Petition") seeking petitioner's immediate release on the basis of federal due process violations arising from the State's rescission of his parole date. (Petition, pp. 7–8.) On October 26, 1999, the district court denied the Petition. Subsequently, the United States Court of Appeals for the Ninth Circuit granted petitioner a Certificate of Appealability.

On September 25, 2002, the Ninth Circuit issued an opinion reversing the district court's judgment and remanding the case with directions that the district court "grant the writ." *McQuillion v. Duncan,* 306 F.3d 895, 912 (9th Cir.2002). On September 27, 2002, petitioner requested that the Ninth Circuit order his immediate release. The Court of Appeals panel denied this request without comment.

On December 5, 2002, petitioner filed an ex parte request that the district court spread the mandate of the Ninth Circuit and issue the writ. Petitioner also lodged a proposed judgment ordering the immediate release of petitioner. On January 27, 2003, this Court, intending to follow the Ninth Circuit's mandate, ordered that respondent immediately release petitioner from custody. On January 31, 2003, respondent filed an "Ex Parte Application for Stay of Order Granting Immediate Release of Petitioner Pending Respondent's Motion to Alter or Amend the Judgment" pursuant to Federal Rule of Civil Procedure 59(e) and a "Motion to Alter or Amend the Judgment" (hereinafter "Motion to Amend"). Respondent asked the Court to alter the judgment by, in lieu of ordering petitioner's release, directing the Board of Prison Terms to vacate its 1994 rescission decision and to afford petitioner a new rescission hearing. (Memorandum of Points and Authorities in Support of Motion to Alter or Amend the Judgement (hereinafter "Memorandum"), pp. 1–2, 4–7.)

The District Judge referred the Motion to Amend to the Magistrate Judge for a recommendation on whether or not to grant the motion to amend. On February 24, 2003, after hearing oral argument, this Court took the motion under submission.

### II. DISCUSSION

 The rule that the mandate of a higher court is "controlling as to matters within its compass" is a firmly established legal doctrine. *Sprague v. Ticonic Nat'l*

*Bank,* 307 U.S. 161, 168, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (1939). This rule of mandate, along with the doctrine of law of the case, requires a district court on remand to follow the mandate of a court of appeals. *Herrington v. County of Sonoma,* 12 F.3d 901, 904 (9th Cir.1993). In deciding related matters not encompassed by the mandate, the district court must comply with the "spirit of the circuit court's decision." *Id.* at 904 (quoting *Lindy Pen Co. v. Bic Pen Corp.,* 982 F.2d 1400, 1404 (9th Cir.)).

The mandate of the Ninth Circuit in this case simply directed this Court to "grant the writ." *McQuillion v. Duncan,* 306 F.3d 895, 912 (9th Cir.2002). The opinion was devoid of any further direction as to the nature of the remedy to be implemented by the district court. It is from this undisputed fact that this Court's analysis begins.

### A. Conditional versus Unconditional Writ

■ "It is well-settled that a district court can order a petitioner's release. This, in fact, is the very essence of habeas relief. 'Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him.'" *Phifer v. Warden, United States Penitentiary, Terre Haute, Ind.,* 53 F.3d 859, 864 (7th Cir.1995) (quoting *Fay v. Noia,* 372 U.S. 391, 430–31, 83 S.Ct. 822, 844, 9 L.Ed.2d 837 (1963), *overruled on other grounds by Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). "Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner." *Fay,* 372 U.S. at 431, 83 S.Ct. 822.

In federal jurisprudence, courts have recognized a difference between absolute writs, that is, immediately releasing a petitioner from custody, and conditional writs, that is, affording the State a reasonable period of time to correct constitutionally infirm proceedings by conducting a new proceeding. Conditional writs "conditionally or provisionally grant the requested habeas relief; that is, they grant the writ of habeas unless some further specified action occurs within the state agency being challenged." *Phifer,* 53 F.3d at 862. Conditional writs represent a district court's determination that a constitutional infirmity justifies petitioner's release. The conditional nature of the order provides the state with a window of time within which to cure constitutional error. Failure to cure that error, however, justifies the district court's release of the petitioner. *Smith v. Lucas,* 9 F.3d 359, 366–67 (5th Cir.1993); *see also Gilmore v. Bertrand,* 301 F.3d 581, 582–83 (7th Cir.2002) (" 'federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court.' ") (quoting *Hilton v. Braunskill,* 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)); *Phifer,* 53 F.3d at 864–65 (federal courts have the power to issue conditional writs giving states the opportunity to cure any constitutional errors).

Ninth Circuit jurisprudence contains many cases granting conditional writs. *See, e.g., Grattan v. Sigler,* 525 F.2d 329, 331 (9th Cir.1975); *Alvarado v. Hickman,* 316 F.3d 841 (9th Cir.2002), *as amended by* 2003 WL 297776 (9th Cir.2003); *Dyas v. Poole,* 309 F.3d 586 (9th Cir.2002), *as amended by* 317 F.3d 934 (9th Cir.2003); *Conde v. Henry,* 198 F.3d 734, 742 (9th Cir.1999). Notably, in *Grattan,* 525 F.2d at 331, the Ninth Circuit determined that a petitioner's parole date had been rescinded in violation of due process. There, petitioner Grattan's offense severity rating had been raised by the parole board, on the ground that he was a ringleader, without notice to petitioner Grattan

or an opportunity for him to be heard on the matter until after the board rescinded his tentative parole date. The Ninth Circuit expressly directed the district court to "grant the petition unless the Board provides Grattan a new hearing within 60 days." *Id.*

In *McQuillion,* the Ninth Circuit did not direct this Court to grant a conditional writ, but rather directed that this Court "grant the writ." *McQuillion,* 306 F.3d at 912. Of course, the Ninth Circuit could have ordered a conditional grant of the Petition, but it did not. At least, its mandate did not convey this intention. Furthermore, this Court has no basis or authority to infer error or omission in the Ninth Circuit's mandate. If the Ninth Circuit had intended to direct this Court to grant a conditional writ, it would have said so. Therefore, the plain language of the mandate appears to require this Court to grant unconditionally petitioner's Petition for Writ of Habeas Corpus.

## B. Implementing the Spirit of the Decision

In attempting to implement the Ninth Circuit's mandate, this Court has noted that the only remedy sought by petitioner in his Petition for Writ of Habeas Corpus was his immediate release from custody. (Petition, pp. 7–8.) Thus, this Court cannot and does not conclude that an unconditional writ, requiring immediate release of petitioner from custody, is inconsistent with the Ninth Circuit's opinion in this case. That opinion carefully reviewed each factor upon which the rescission panel relied in rescinding petitioner's parole date. The Ninth Circuit determined that "[n]one of the four 'good cause' grounds for the rescission of McQuillion's parole date was supported by 'some evidence' of a failure by the granting panel to adequately consider the evidence before it." *Id.* The appellate court also stated that the "finding [of the rescission panel] constitutes the sort of 'mere disagreement' with the conclusion reached by the granting panel that does not justify rescission." *Id.* at 911. In contrast to its finding that the rescission panel lacked "some evidence" for its determination, the Ninth Circuit found that there was a "record of specific inquiry and deliberation by the granting panel," id., and that the granting panel "adequately considered [the evidence] at the time of the grant," *id.*[1]

Accordingly, in light of the Ninth Circuit's opinion, the relief expressly and singularly sought by petitioner, and the plain language of the mandate in this case, this Court does not find, as respondent urged at oral argument, that altering the judgment to grant a conditional writ would be in keeping with the "spirit of the circuit court's decision." *Herrington,* 12 F.3d at 904. It appears that an unconditional writ is the only means by which this Court can "implement both the letter and spirit of the . . . mandate, taking into account [the Ninth Circuit's] opinion and the circumstances it embraces." *See United States v.*

---

1. Respondent cites to decisions of the California Supreme Court and Court of Appeal for the proposition that this Court is required to grant a new rescission hearing instead of releasing petitioner. (Memorandum, pp. 4–6) (citing *In re Rosenkrantz,* 29 Cal.4th 616, 658, 128 Cal.Rptr.2d 104, 59 P.3d 174 (2002); *In re Ramirez,* 94 Cal.App.4th 549, 572, 114 Cal. Rptr.2d 381 (2001); *In re Johnson* 8 Cal. App.4th 618, 626–27, 10 Cal.Rptr.2d 460 (1992); *In re Fain,* 65 Cal.App.3d 376, 386– 88, 135 Cal.Rptr. 543 (1976).) This Court is aware of no authority that supports a view that a federal court, granting a federal writ of habeas corpus, must follow the procedures of state habeas review. Moreover, those cases shed no light on how this Court is to interpret the federal appellate court's mandate. It is not disputed that the federal courts have the authority to order a petitioner's release on federal constitutional grounds.

*Kikumura,* 947 F.2d 72, 76 (3d Cir.1991). Therefore, this Court deems itself required by the mandate of the Ninth Circuit to grant unconditionally petitioner's writ and order his release. Thus, it is recommended that the Motion to Amend be denied.

## C. A Stay of the Judgment Releasing Petitioner Is Appropriate

 Respondent's Motion to Amend is, in effect, a request for this Court to reconsider the Ninth Circuit's mandate. This Court is without authority to disregard what it has determined to be the express direction of the Ninth Circuit. However, if this Court's interpretation is incorrect, the Ninth Circuit will undoubtedly make known that fact. For this reason, this Court recommends that the unconditional writ issued on January 27, 2003, be stayed to allow respondent an opportunity to appeal the propriety of this court's implementation of the mandate. Since implementation of the Ninth Circuit's mandate poses serious legal questions, and releasing petitioner from custody could arguably pose irreparable injury to the State of California, the Court believes it is appropriate that a stay be issued to allow respondent to appeal this Court's implementation of the Ninth Circuit's mandate. *See Lopez v. Heckler,* 713 F.2d 1432, 1435 (9th Cir.1983). While the Court recognizes that imposition of a stay imposes a further potential hardship on petitioner in that his anticipated release from prison is delayed, the Court finds, as the State has argued, that the State of California would suffer irreparable injury if immediate release is not what the Ninth Circuit intended. Thus, a stay is appropriate in this situation.

## *RECOMMENDATION*

For all of the foregoing reasons, it is recommended that the court issue an order: (1) approving and adopting this re-port and recommendation; (2) denying the Motion to Alter or Amend the Judgment; and (3) staying the implementation of the Court's January 27, 2003 Judgment requiring release of petitioner, pending the Ninth Circuit's consideration and disposition of respondent's appeal of that Judgment, or until the time to appeal has expired should respondent elect not to appeal, whichever is later.

## *NOTICE*

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file Objections as provided in the Local Rules Governing the Duties of the Magistrate Judges and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.