RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0259p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
————————————

MAURICE A. MASON,
              *Petitioner-Appellant,*

      *v.*

BETTY MITCHELL, Warden,
              *Respondent-Appellee.*

No. 11-4020

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:99-cv-524—David A. Katz, District Judge.

Argued: June 18, 2013

Decided and Filed: September 4, 2013

Before: BOGGS, MOORE, and CLAY, Circuit Judges.

————————————

## COUNSEL

————————————

**ARGUED:** Kort W. Gatterdam, CARPENTER, LIPPS & LELAND LLP, Columbus, Ohio, for Appellant. Seth P. Kestner, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee. **ON BRIEF:** Kort W. Gatterdam, CARPENTER, LIPPS & LELAND LLP, Columbus, Ohio, for Appellant. Seth P. Kestner, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

————————————

## OPINION

————————————

KAREN NELSON MOORE, Circuit Judge. In a prior appeal, this court granted Petitioner-Appellant Maurice Mason ("Mason") a conditional writ of habeas corpus, which the panel stated would "result in the vacation of his death sentence unless the state of Ohio commences a new penalty-phase trial against him within 180 days from the date that the judgment in this matter becomes final." On remand, the district court entered

1

its own conditional writ that recalculated the date on which the 180-day period for the State to recommence proceedings against Mason—set by this court's mandate—began. The 180-day period set by this court expired, and no penalty-phase retrial had commenced. Mason subsequently was removed from death row, and a new sentencing proceeding was scheduled. Mason filed a motion in the district court arguing that the State should be prevented from seeking the death penalty in the penalty-phase retrial because it failed to comply with the deadline set by the court of appeals. The district court denied Mason's request for relief. On appeal, Mason argues that because the State failed to comply with this court's conditional writ, the State should be barred from seeking the death penalty at the penalty-phase retrial. We conclude that the district court erred by recalculating the beginning of the 180-day period without authority to do so. Nonetheless, under this court's precedents, the State is permitted to seek the death penalty at the penalty-phase retrial, even though it did not comply with the conditional writ granted by this court. The district court's judgment is **MODIFIED** such that the State may seek the death penalty at the penalty-phase retrial only if the penalty-phase retrial commences within 180 days from the date that the mandate issues from this court in this matter. We **REMAND** to the district court.

## I. BACKGROUND

In June 1994, an Ohio jury found Petitioner-Appellant Maurice Mason guilty of aggravated murder, rape, and having a weapon while under disability. *See Mason v. Mitchell* (*Mason I*), 320 F.3d 604, 612–13 (6th Cir. 2003). Following the sentencing phase of the trial, the trial court adopted the jury's recommendation that Mason be sentenced to death. *Id.* at 613. Mason's conviction and sentence were affirmed on direct appeal by the Ohio Court of Appeals in 1996 and by the Ohio Supreme Court in 1998. *See State v. Mason*, 694 N.E.2d 932, 958 (Ohio 1998); *State v. Mason*, No. 9-94-45, 1996 WL 715480, at *33 (Ohio Ct. App. Dec. 9, 1996). Mason's collateral attack on his conviction in state court was unsuccessful. *See Mason I*, 320 F.3d at 613.

In July 1999, Mason filed a petition in federal court for a writ of habeas corpus under 28 U.S.C. § 2254, raising twenty-five claims for relief. The district court denied

the motion on all grounds, but on appeal we remanded to allow the district court to hold "an evidentiary hearing regarding the claim of ineffective assistance of counsel at sentencing." *Id.* at 642. In October 2005, following the evidentiary hearing, the district court denied Mason's ineffective-assistance-of-counsel claim and dismissed his petition. *Mason v. Mitchell*, 396 F. Supp. 2d 837, 858 (N.D. Ohio 2005).

In an opinion filed on October 3, 2008, we reversed the district court's decision and held that the Ohio Supreme Court had unreasonably applied federal law when it evaluated Mason's claim that he received ineffective assistance of counsel. *Mason v. Mitchell* (*Mason II*), 543 F.3d 766, 784–85 (6th Cir. 2008). We therefore granted Mason a conditional writ of habeas corpus. *Id.* at 785. Our order stated:

> [W]e REVERSE the judgment of the district court, GRANT Mason a conditional writ of habeas corpus that will result in the vacation of his death sentence unless the state of Ohio commences a new penalty-phase trial against him within 180 days from the date that the judgment in this matter becomes final, and REMAND the case for further proceedings consistent with this opinion.

*Id.* The State filed a petition for rehearing en banc, which subsequently was denied on February 19, 2009. *See* 6th Cir. Order (Feb. 19, 2009). Our mandate issued on February 27, 2009. R. 238 (Mandate) (Page ID #2862). On March 25, 2009, the State filed a motion to recall and stay the mandate pending the filing of a petition for a writ of certiorari to the Supreme Court. We denied the motion to recall and stay the mandate on May 6, 2009. *See* 6th Cir. Order (May 6, 2009). On May 18, 2009, following a telephonic conference with the parties, the district court entered an order stating:

> In accordance with the Mandate Order from the Sixth Circuit, a conditional writ of habeas corpus is hereby granted as to Mason's sentence of death. The Respondent shall either: (1) set aside Mason's death sentence; or (2) conduct another mitigation hearing. This shall be done within 180 days from May 6, 2009, the date upon which the Court finds the judgment in this matter became final.

R. 242 (Dist. Ct. Order) (Page ID #2867).

The State filed a petition with the Supreme Court for a writ of certiorari on July 20, 2009.  On August 7, 2009, the district court granted a stay of the 180-day window to commence a new penalty-phase trial pending the resolution of the petition for certiorari.  R. 246 (Dist. Ct. Order at 3) (Page ID #2877).  The petition for certiorari was denied on November 2, 2009, and the district court lifted its stay of the conditional writ of habeas corpus on December 1, 2009.  R. 249 (Dist. Ct. Order at 2) (Page ID #2882).

The proceedings returned to state court, and a new sentencing hearing was scheduled for February 16, 2010.  On February 2, 2010, the Ohio Court of Common Pleas ordered that Mason be removed from death-row housing because his death sentence had been vacated.  R. 253-1 (Judgment Entry) (Page ID #2895).  Two days later, on February 4, 2010, Mason filed a motion to prohibit the new sentencing proceeding because the deadline for holding the hearing under this court's conditional writ had passed.  *See* R. 252 (Mot. to Prohibit at 2) (Page ID #2883).  The state trial court denied this motion on December 13, 2010.  R. 252-1 (Judgment Entry) (Page ID #2889).

The following day, December 14, 2010, Mason filed a motion in federal district court, asking the district court to bar the State from seeking the death penalty as an available sentence at the new penalty-phase hearing because "the State failed to adhere to the 180 day mandate set forth by the United States Court of Appeals for the Sixth Circuit."  R. 252 (Mot. to Prohibit at 1) (Page ID #2882).  Mason argued that because the State did not recommence a penalty-phase proceeding within the 180-day window set by the order of the Sixth Circuit, the State should be barred from seeking the death penalty at the subsequent sentencing proceeding.  The State opposed the motion and argued that the district court lacked jurisdiction to grant Mason the relief he requested.  R. 253 (Resp.'s Resp. to Mot. to Prohibit at 2) (Page ID #2893).  The district court denied Mason's motion.  R. 255 (Dist. Ct. Op. at 1) (Page ID #2923).  Mason timely appealed the district court's order.

## II.  JURISDICTION

The State argues that the district court lacked jurisdiction to grant Mason relief, because the federal courts' jurisdiction over Mason's case ended once Mason's unconstitutional death sentence was vacated.  *See* Resp. Br. at 17–18.  The State is correct to point out that federal courts may not exercise "continuing oversight of subsequent state court proceedings following the state's compliance with a grant of a conditional writ of habeas corpus."  *Girts v. Yanai*, 600 F.3d 576, 581 (6th Cir. 2010).  However, "[a] federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case."  *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006) (internal quotation marks omitted).  The State's argument that the district court lacked jurisdiction to consider Mason's motion fails, because Mason's claim is that the State failed to comply with the condition contained in the conditional writ—that the State "commence[] a new penalty-phase trial against [Mason] within 180 days from the date that the judgment in this matter becomes final."  *Mason II*, 543 F.3d at 785.  As we have explained, conditional writs "would be meaningless" if a habeas court could not determine compliance with them and order sanctions accordingly.  *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 n.5 (6th Cir. 2006).  Thus, the district court retained jurisdiction to consider Mason's motion.  *See D'Ambrosio v. Bagley*, 656 F.3d 379, 385–90 (6th Cir. 2011).

Mason's subsequent removal from death row by the State does not render the federal court powerless to enforce the full meaning of the conditional writ.  *See Satterlee*, 453 F.3d at 369 n.5.  We recognize that a state's compliance with a conditional writ through the vacatur of a petitioner's unconstitutional conviction or sentence within the window of time permitted by the habeas court's order generally will divest the court of jurisdiction.  *See Eddleman v. McKee*, 586 F.3d 409, 413 (6th Cir. 2009).  However, if a state fails to release the petitioner from the unconstitutional judgment within the time period prescribed by the conditional writ, the habeas court has jurisdiction to consider the noncompliance and impose sanctions.  *See D'Ambrosio*, 656 F.3d at 389–90; *Phifer v. Warden*, 53 F.3d 859, 865 (7th Cir. 1995) ("A conditional order's framework

contemplates that a district court will eventually make an assessment concerning compliance with its mandate."). And in conjunction with a determination of whether the state complied with a conditional writ, the habeas court may determine whether to bar reprosecution. *See D'Ambrosio*, 656 F.3d at 389–90. Accordingly, the district court in this case had jurisdiction to consider whether the State complied with the conditional writ and whether the death penalty may be sought at the penalty-phase retrial. In turn, we have jurisdiction to consider the district court's judgment.

## III. ANALYSIS

We review de novo "the district court's legal conclusion that the state has complied with the terms of [a conditional] writ." *Patterson v. Haskins*, 470 F.3d 645, 668 (6th Cir. 2006). "[H]owever, the district court's factual findings will not be disturbed unless they are clearly erroneous." *Girts*, 600 F.3d at 583.

Mason argues that the State failed to comply with this court's conditional writ. We agree with Mason that the relevant order was that of this court. Under the mandate rule, "'the trial court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'" *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 549 (6th Cir. 2004) (quoting *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)). The district court failed entirely to do so here. The district court thus erred when it considered its order as the relevant conditional writ, rather than the conditional writ granted by this court.[1] According to our mandate, the 180-day clock for the State to commence a new penalty-phase trial ran from "the date that the judgment in this matter bec[ame] final." *Mason II*, 543 F.3d at 785.

---

[1]The district court considered Mason's motion under the standards of Rule 59, which addresses motions to alter or amend the district court's judgment. Fed. R. Civ. P. 59(e). In our view, Mason's motion more appropriately should be construed as a motion to enforce this court's conditional writ, the operative mandate. *See Gentry*, 456 F.3d at 691.

A conditional writ of habeas corpus is a final order, and thus judgment in this matter was final when the conditional writ became effective. *See Gentry*, 456 F.3d at 692 ("Conditional grants of writs of habeas corpus are final orders, . . . and they ordinarily and ideally operate automatically, that is, without the need for the district court to act further."); *Phifer*, 53 F.3d at 862. We filed our opinion granting the conditional writ on October 3, 2008. *See Mason II*, 543 F.3d at 766. Because the State timely filed a petition for rehearing following the filing of the panel's opinion, the issuance of this court's mandate was stayed until seven days after the denial of the petition for rehearing. *See* Fed. R. App. P. 41(b). We denied the State's petition for rehearing on February 19, 2009, *see* 6th Cir. Order (Feb. 19, 2009), and the mandate issued on February 27, 2009, as indicated on the district court's docket, and as acknowledged by the district court, *see* R. 238 (Mandate) (Page ID #2862); R. 242 (Dist. Ct. Order) (Page ID #2867). When the mandate issued, this court's writ became effective and the judgment became final. *See* Fed. R. App. P. 41(c). Thus, the 180-day clock for the conditional writ began to run on February 27, 2009.[2] *Cf. Jells v. Mitchell*, No. 1:98 CV 02453, 2011 WL 1257306, at *6–*7 (N.D. Ohio Mar. 31, 2011) (interpreting "the date that this judgment becomes final" for purposes of a conditional writ as the date on which the mandate from the court of appeals issued).

The district court entered a stay of the proceedings on August 7, 2009, while the State petitioned the Supreme Court for a writ of certiorari.[3] *See* R. 246 (Dist. Ct. Order) (Page ID #2875). At this point, 161 days had elapsed. The stay was lifted on December 1, 2009 and thus, the State had 19 more days, until December 20, 2009, to commence the penalty-phase retrial under the district court's computation. *See* R. 249 (Order Lifting Stay) (Page ID #2881). The State failed to do so; as of December 20, 2009,

---

[2]Indeed, the State seems to have been aware that the clock began to run when this court's mandate issued, as indicated in the State's untimely motion to recall the mandate. *See* Mot. to Recall.

[3]We do not believe that the district court had the power to stay the proceedings in light of our mandate establishing the 180-day clock. The district court's stay pending the certiorari process in effect contradicted our prior order denying the State's motion to recall and stay the mandate pending a petition for certiorari.

Mason's death sentence had not been vacated. Accordingly, the State did not comply with this court's conditional writ.

In granting the conditional writ, we held that the ineffective assistance of counsel during Mason's penalty-phase trial rendered Mason's death sentence unconstitutional. The conditional writ provided the State with "'a window of time within which it might cure the . . . error.'" *Satterlee*, 453 F.3d at 369 (quoting *Phifer*, 53 F.3d at 864–65). "When the state fails to cure the error, i.e., when it fails to comply with the order's conditions, a conditional grant of a writ of habeas corpus *requires* the petitioner's release from custody." *Id.* (internal quotation marks omitted). Accordingly, because the State failed to comply with our writ's conditions, our order required that Mason's unconstitutional death sentence be vacated. In this case, however, this consequence has already occurred, because the State vacated Mason's death sentence on February 2, 2010.

Mason argues that an additional consequence should attach to the State's failure to comply, namely that the State should not be permitted to seek the death penalty at the new penalty-phase trial. In general, when "a prisoner is released because a state fails to retry the prisoner by the deadline set in a conditional writ, the state is not precluded from rearresting petitioner and retrying him under the same indictment." *Id.* at 370 (internal quotation marks omitted). Nonetheless, "in extraordinary circumstances, such as when the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the state's delay is likely to prejudice the petitioner's ability to mount a defense at trial, a habeas court may forbid reprosecution." *Id.* (internal quotation marks and alteration omitted); *see D'Ambrosio*, 656 F.3d at 383–84 (citing same standard). Extraordinary circumstances also may include when retrial itself would violate a petitioner's constitutional rights. *See Foster v. Lockhart*, 9 F.3d 722, 727 (8th Cir. 1993). "Absent such 'extraordinary circumstances,' the federal courts usually permit rearrest and retrial after the time period specified in the conditional release order has elapsed and the prisoner has been released." Randy Hertz & James S. Liebman, 2–3 *Federal Habeas Corpus Practice & Procedure* § 33.3 (LexisNexis 2012). We have held

that even when the state "undoubtedly did almost nothing to retry [the petitioner] during the 180-day period," retrial would *not* be barred, although the court noted that the State's conduct was "troubling" and that the State "suffered no practical consequence" for failing to abide by the 180-day condition. *Girts*, 600 F.3d at 584–85.

In this case, there is no evidence that the State engaged in the kind of "substantial inequitable conduct," such as "wrongfully retaining and delaying the production of . . . exculpatory evidence" that may justify barring retrial under the extraordinary-circumstances standard. *D'Ambrosio*, 656 F.3d at 383 (internal quotation marks omitted). Rather, the State scheduled the new penalty-phase trial for February 16, 2010, *see* Pet. Br. at 3, two-and-a-half months after its petition for a writ of certiorari from the Supreme Court was denied and within the permissible 180-day time-frame as erroneously stated by the district court.[4] Further, contrary to Mason's contention, *see* Pet. Reply Br. at 2–3, the reimposition of the death penalty would not be a double jeopardy violation, because in Mason's case there has been no "acquittal" regarding the imposition of the death penalty. *See, e.g.*, *Sattazahn v. Pennsylvania*, 537 U.S. 101, 109 (2003) ("[T]he touchstone for double-jeopardy protection in capital-sentencing proceedings is whether there has been an 'acquittal.'"); *Poland v. Arizona*, 476 U.S. 147, 154 (1986) (explaining that the double-jeopardy bar attaches only if, at the first capital sentencing hearing, the sentencer or reviewing court "hold[s] that the prosecution had 'failed to prove its case' that petitioners deserved the death penalty"). Thus, following this court's precedents, we conclude that the State of Ohio is not barred from seeking the death penalty in the new penalty-phase trial against Mason, even though the State failed to recommence the sentencing proceeding within this court's 180-day deadline.

---

[4]The district court's order stated that the 180-day clock began on May 6, 2009. When the stay was granted on August 7, 2009, 93 days had elapsed. Therefore, when the stay was lifted on December 1, 2009, 87 days remained, and thus the 180-day window according to the district court's erroneous calculations ended on February 26, 2010.

## IV.  CONCLUSION

For the foregoing reasons, we **MODIFY** the judgment of the district court.  The State may seek the death penalty at the penalty-phase retrial only if the penalty-phase retrial commences within 180 days from the date that the mandate issues from this court in this matter.  We **REMAND** to the district court.