F I L E D
United States Court of Appeals
Tenth Circuit

SEP 18 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

NAAMAN EUGENE EDWARDS,

Plaintiff-Appellant,

v.

ROBIN CAUTHRON, Judge, United
States District Court for the Western
District of Oklahoma,

Defendant-Appellee.

No. 97-6172
(D.C. No. CIV-97-102-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is
ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Naaman Eugene Edwards appeals the order of the district court dismissing his 42 U.S.C. § 1983 claim against United States District Judge Robin J. Cauthron as frivolous under 28 U.S.C. § 1915A(b)(1). We affirm.

Edwards is a state prisoner who successfully challenged his state convictions and sentence under 28 U.S.C. § 2254. Judge Cauthron found Edwards' guilty pleas were not knowing and voluntary and issued a conditional writ of habeas corpus, ordering that Edwards be released unless within sixty days his guilty pleas were vacated and he was permitted to replead within a reasonable time. The parties were ordered to report in sixty days as to whether the state had complied with the order. The sixty days passed with no report from either party and Judge Cauthron ordered that a report be filed within seven days. Seven days later, Judge Cauthron dismissed the conditional writ because the state filed a notice stating it had complied with the court's order by vacating Edwards' guilty pleas within sixty days of the initial order. Edwards continued to request habeas relief because the state filed its report after the original deadline, but Judge Cauthron denied the request. Edwards then brought this civil action against Judge Cauthron, seeking issuance of a writ of habeas corpus based on the state's failure to file its report within sixty days of the initial order.

We agree with the district court that the action was frivolous. We first note 42 U.S.C. § 1983 is inapplicable to federal officials acting under color of federal

law, Van Sickle v. Holloway, 791 F.2d 1431, 1435 n. 4 (10th Cir. 1986), and Judge Cauthron was acting under color of federal law in granting additional time for filing a report. However, we construe Edwards' pro se complaint as stating a constitutional tort claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

The habeas relief sought by Edwards is inappropriate in a Bivens civil rights action. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). See Preiser v. Rodriguez, 411 U.S. 475 (1973); Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995) (habeas relief unavailable in § 1983 claims). To the extent Edwards may have sought monetary damages from Judge Cauthron, he was seeking relief from a defendant who is absolutely immune from suit. See United States v. McKinley, 53 F.3d 1170, 1172 (10th Cir. 1996); Van Sickle, 791 F.2d at 1435.

Edwards' civil action was not an appropriate substitute for an appeal from Judge Cauthron's order denying relief. Under Fed. F. App. P. 21, a petition for writ of mandamus must be filed in the court of appeals. Moreover, mandamus relief is unavailable when there is an adequate remedy through direct appeal. United States v. Gundersen, 978 F.2d 580, 582 (10th Cir. 1992). Edwards also named an improper party defendant. The proper respondent in a habeas proceeding is the petitioner's custodian. 28 U.S.C. § 2243; Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95 (1973); Harris, 51 F.3d at 906.

In any case, Edwards' claim fails on the merits.  The state complied with the substance of Judge Cauthron's order by vacating the two convictions within sixty days of the order granting conditional relief.  Compliance was timely; only the report was late.  The substance of Edwards' complaint is essentially that Judge Cauthron granted an extension of time for filing the report.  The inherent authority of a district court to manage its dockets includes discretion to grant or deny continuances or extensions of time.  See, e.g., Biby v. Kansas City Life Ins. Co., 629 F.2d 1289, 1293 (8th Cir. 1980); United States v. Waldman, 579 F.2d 649, 653 (1st Cir. 1978). Edwards has not shown that it was an abuse of discretion to grant an additional ten days for filing a report.

Dismissal of Edwards' claim as frivolous under 28 U.S.C. § 1915A(b)(1) is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge