In the

# United States Court of Appeals
## For the Seventh Circuit

No. 01-4344

CORY GILMORE,

*Petitioner-Appellant,*

*v.*

DANIEL BERTRAND,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 01-C-0115—**J.P. Stadtmueller**, *Chief Judge.*

SUBMITTED JULY 24, 2002[Œ]—DECIDED AUGUST 21, 2002

Before BAUER, RIPPLE and MANION, *Circuit Judges.*

PER CURIAM. Cory Gilmore was convicted of armed
robbery and battery in Wisconsin state court and sentenced
to 54 years' imprisonment. After exhausting his state rem-
edies, Mr. Gilmore filed a petition for a writ of habeas
corpus under 28 U.S.C. § 2254 alleging *inter alia* that he was
denied his Sixth Amendment right to counsel on direct
appeal when his attorney unilaterally withdrew from the

---

[Œ] After an examination of the briefs and the record, we have con-
cluded that oral argument is unnecessary. Thus, the appeal is sub-
mitted on the briefs and the record. *See* Fed. R. App. P. 34(a) (2).

case. The State agreed that Mr. Gilmore was entitled to habeas corpus relief, and the district court granted the petition. The court stayed execution of the writ for 120 days to allow the State to reinstate Mr. Gilmore's right to a direct appeal with counsel. After the State failed to meet the 120-day deadline, the district court granted its motion for a 45-day extension of the stay. Mr. Gilmore's direct appeal rights were subsequently reinstated within the prescribed time, and the district court dismissed the petition. Mr. Gilmore appeals. For the reasons set forth in this opinion, we affirm the judgment of the district court.[1]

## DISCUSSION

Mr. Gilmore asserts that the district court erred by granting the State's motion for additional time to correct the violation of his Sixth Amendment rights. He argues that district courts do not have the power to grant extensions of time once the terms of a conditional writ have been established.

This circuit has not yet addressed the issue presented here. But habeas corpus is an equitable remedy, *Schlup v.*

---

[1] In its brief, the State argues that we should vacate the certificate of appealability ("CA") issued to Mr. Gilmore and dismiss this appeal because the CA—which was granted only on the issue of whether he was entitled to an unconditional writ of habeas corpus due to the State's failure to comply with the conditional writ—does not identify a constitutional issue debatable among jurists and thus does not satisfy the mandates of 28 U.S.C. § 2253(c)(2) and (3). *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). But the State's request is too late, *see Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (government must bring alleged defect in the CA to this court's attention "early in the process"), and we shall proceed to the merits of Mr. Gilmore's arguments. *See Owens v. Boyd*, 235 F.3d 356, 358 (7th Cir. 2000) (defect in CA is not a jurisdictional flaw).

*Delo*, 513 U.S. 298, 319 (1995), and courts have "broad discretion in conditioning a judgment granting habeas relief." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Indeed, "federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Id.*; *see also Phifer v. Warden, United States Penitentiary, Terre Haute, Ind.*, 53 F.3d 859, 864-65 (7th Cir. 1995) (federal courts have the power to issue conditional writs giving states the opportunity to cure any constitutional errors). Logically, the equitable power of the district court in deciding a habeas corpus petition includes the ability to grant the state additional time beyond the period prescribed in a conditional writ to cure a constitutional deficiency. *See Edwards v. Cauthron*, No. 97-6172, 1997 WL 579182 at *2 (10th Cir. Sept. 18, 1997) (unpublished) (affirming an order granting an extension of time for the state to comply with conditional writ because a federal court has the "inherent authority . . . to manage its docket[]," including the "discretion to grant or deny continuances or extensions of time"); *Chambers v. Armontrout*, 16 F.3d 257, 261 n.2 (8th Cir. 1994) (district court did not err in granting state additional time to conduct retrial); *Moore v. Zant*, 972 F.2d 318, 321 (11th Cir. 1992) (per curiam) (district court had power to grant state more time to comply with terms of a conditional writ); *Frazier v. Roberts*, 441 F.2d 1224, 1229 (8th Cir. 1971) (per curiam) (noting that district court could grant exension of time for retrial).

In support of his position, Mr. Gilmore cites a number of cases in which prisoners were released from custody after the state failed to timely comply with a conditional writ of habeas corpus by failing to act to correct a constitutional violation within the period of time specified by the court. None of these cases, however, holds that the court

*must* release a prisoner if the state fails to act in a timely manner; that decision lies within the district court's discretion. *See Phifer*, 53 F.3d at 864 ("[I]f the state fails to meet the condition specified in the conditional order, the district court *may* order the petitioner's release.") (emphasis added). We therefore hold that the district court had the power to grant the State's motion for an extension of time to comply with the order conditionally granting Mr. Gilmore habeas corpus relief. Mr. Gilmore does not argue that the district court abused its discretion to grant the extension.

Mr. Gilmore also argues that the district court erred by dismissing his petition. But Mr. Gilmore's right to pursue a direct appeal has been reinstated in the Wisconsin Court of Appeals, and the constitutional violation of which he complains has been cured. The court therefore correctly dismissed his petition. *See* 28 U.S.C. § 2254(a).

### Conclusion

For the foregoing reasons, we affirm the district court's dismissal of Mr. Gilmore's petition for a writ of habeas corpus.

AFFIRMED

A true Copy:

     Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*