**Tyris BRUNT, Petitioner–Appellant,**

v.

**Eugene MCADORY,\* Respondent–Appellee.**

**No. 02–1826.**

United States Court of Appeals, Seventh Circuit.

Submitted April 1, 2003.\*\*

Decided April 4, 2003.

---

\* At the time Brunt filed this appeal, Jonathan Walls was the Warden of the Menard Correctional Center, where Brunt is incarcerated. During the pendency of this appeal, Eugene McAdory became the warden at Menard. Accordingly, McAdory is the proper respondent, and we have substituted him as respondent-appellee in the caption of this order. Fed. R.App. P. 43(c).

\*\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

## ORDER

Tyris Brunt was convicted in Illinois state court of first degree murder and sentenced to an extended term of 80 years' imprisonment. After exhausting his state remedies, Brunt filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging, *inter alia*, that his defense attorney had provided ineffective assistance when he failed to interview potential alibi witnesses and failed to investigate witnesses who would have testified about the length and style of Brunt's hair (in order to refute other witnesses' identifications of him as the perpetrator of the crime). The district court denied the petition, but granted Brunt a certificate of appealability limited to the ineffective assistance issue. We affirm.

Brunt was jointly tried with two co-defendants for the murder of Michael Payton outside a school in 1991. The state's evidence at trial established that on November 20, 1991, the son of one of Brunt's co-defendants was involved in a fight with another youth at school. The next afternoon a mob outside the school attacked the other youth involved in the fight. Payton got out of his car to attempt to break up the fight, and one of Brunt's co-defendants shot him. Payton ran away but Brunt, who also was at the school, followed him, pointed a semi-automatic pistol at him, and fired until the gun was empty. Several witnesses testified that Brunt was one of

the shooters, but two others denied seeing Brunt at the scene of the shooting or that Brunt even resembled the offender. *See People v. Brunt*, 312 Ill.App.3d 1201, 264 Ill.Dec. 68, 769 N.E.2d 570 (2000) (unpublished). Based on this evidence, Brunt was convicted of first degree murder.

After an unsuccessful direct appeal of his conviction, Brunt filed in state court a post-conviction motion under 725 ILCS 5/122–1, alleging in relevant part that his counsel was ineffective for failing to investigate several alibi witnesses and other witnesses who would have testified that Brunt did not have long hair (such testimony would have "offset" descriptions of the attacker offered by state witnesses). Brunt failed to present to the trial court either affidavits from the alleged alibi witnesses or a summary of their proposed testimony, and the court summarily dismissed the petition under 725 ILCS 5/122–2.1, finding that it was "frivolous and patently without merit." The Appellate Court of Illinois affirmed the dismissal, determining that with respect to the alibi-witness claim Brunt failed to "make the requisite showing of the gist of a meritorious constitutional claim" because he failed to substantiate his allegations with affidavits. With respect to Brunt's claim that counsel failed to investigate witnesses regarding his physical appearance, the court found that he had failed to demonstrate that counsel's actions had prejudiced him. The Supreme Court of Illinois denied Brunt leave to appeal.

Brunt timely filed his § 2254 petition. The district court rejected the state's argument that Brunt had procedurally defaulted his ineffective-assistance claims and determined that the Illinois appellate court's conclusion that Brunt had failed to show prejudice due to counsel's alleged ineffectiveness was not contrary to, or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See* § 2254(d)(1). The district court then granted Brunt a certificate of appealability on the issue whether he received ineffective assistance of counsel.[1]

Before reaching the merits of Brunt's argument, we must consider the state's renewed argument that Brunt procedurally defaulted his ineffective assistance claims. The state asserts that the Illinois appellate court affirmed the dismissal of Brunt's petition on procedural grounds, not on its merits, and that the court's decision constitutes an independent and adequate state ground precluding federal habeas review. Under the "independent and adequate state ground" doctrine, federal courts are barred from considering a habeas corpus petitioner's constitutional claims if the last state court rendering judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985)). A state procedural bar occurs when a state court refuses to reach the merits of the petitioner's federal

1. The state argues that the district court improvidently granted a certificate of appealability to Brunt and that we should dismiss the certificate and decline to hear this appeal. However, as we have informed the state numerous times, its merits brief is not the proper place to challenge the sufficiency of a certificate of appealability – if it wishes to do so, it should file a motion before briefing begins.

*See Buie v. McAdory*, 322 F.3d 980, 981–83 (7th Cir.2003); *Gilmore v. Bertrand*, 301 F.3d 581, 582 n. 1 (7th Cir.2002); *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001). Because the state's suggestion is untimely, we decline to consider the sufficiency of the certificate issued by the district court and will proceed to the merits of Brunt's arguments. *Gilmore*, 301 F.3d at 582 n. 1.

claim because he failed to raise that claim as required by state law or procedures. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Here, as in the district court, the state argues that Brunt's claims were procedurally defaulted because he failed to attach affidavits summarizing the witnesses' expected testimony, as required by 725 ILCS 5/122–5. The district court disagreed and determined that the state appellate court had proceeded to the merits of both his ineffective assistance claims.

█ We agree with the district court that Brunt did not procedurally default either of his ineffective assistance claims. When the state appellate court considered his claim concerning counsel's failure to adequately investigate witnesses who would have testified about his appearance at the time of the murder, it cited *People v. Coleman*, 183 Ill.2d 366, 233 Ill.Dec. 789, 701 N.E.2d 1063, 1079 (1998), proceeded to the merits of the claim, and applied the cause-and-prejudice test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It affirmed the trial court's dismissal of Brunt's claim because he failed to show that he was prejudiced by counsel's allegedly deficient conduct – a decision on the claim's merits. With respect to Brunt's claim concerning counsel's failure to investigate alibi witnesses, the state appellate court also reached its merits. Although the appellate court did not specifically determine whether Brunt satisfied the *Strickland* cause-and-prejudice test, it did state that he "failed to make the requisite showing of the gist of a meritorious constitutional claim." Because the appellate court's decision mentions the merits of Brunt's claim, we cannot say that it "clearly and expressly" relied on a state procedural rule as its reason rejecting that claim, and Brunt has not procedurally defaulted it. *See Harris*, 489 U.S. at 266.

Having determined that Brunt did not procedurally default his ineffective assistance claims, we now turn to their merits. Our review is limited by the Antiterrorism and Effective Death Penalty Act of 1996, under which a federal court may grant habeas relief only if the state court's decision on the merits of petitioner's claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was an "unreasonable determination of the facts in light of evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir.2002). We review the district court's factual findings for clear error and its ruling on questions of law, including whether the state court's ruling was "contrary to" or an "unreasonable application" of clearly established federal law, *de novo*. *Schultz*, 313 F.3d at 1015. However, we give deference to a state court's decision that is "reasonable," or "minimally consistent with the facts and circumstances of the case." *Id.* (quoting *Schaff v. Snyder*, 190 F.3d 513, 523 (7th Cir.1999)).

█ With respect to Brunt's claim regarding counsel's failure to investigate alibi witnesses, we find no error in the district court's denial of habeas relief because we cannot say that the state court's decision was either contrary to, or an unreasonable application of, *Strickland*. Brunt's post-conviction petition was devoid of any information regarding what testimony the alibi witnesses would have given had they been called at trial. Without that information Brunt could not show either that counsel's failure to investigate the witnesses constituted deficient performance or that it prejudiced his case in any way. *See Strickland*, 466 U.S. at 687. The Illinois appellate court therefore reasonably determined that Brunt did not state a meritorious claim of ineffective assistance of counsel. *See United States ex rel. Cross v.*

*DeRobertis,* 811 F.2d 1008, 1016 (7th Cir. 1987) (when asserting ineffective assistance, evidence must be presented regarding what missing witnesses would have said if called).

█ We also can find no error in the district court's determination that Brunt was not entitled to habeas relief on his claim that counsel was ineffective for failing to investigate witnesses regarding his appearance. Brunt cannot show that the state appellate court's decision was "contrary to" established federal law because the court correctly applied the *Strickland* cause-and-prejudice test in analyzing his claim. *See Williams v. Taylor,* 529 U.S. 362, 405–07, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Furthermore, he fails to establish that the court unreasonably applied *Strickland* in light of the evidence contained in the record regarding his appearance. Although Brunt did not include the transcript of his trial in the record on appeal (a sufficient reason for us to refuse to review his claim, *see, e.g. United States v. Wesson,* 33 F.3d 788, 798–99 (7th Cir. 1994)), the evidence as summarized by the Illinois appellate court (and unchallenged by Brunt) demonstrates that the court could reasonably have determined that he was not prejudiced by counsel's alleged failure to investigate other witnesses regarding his appearance. Although Brunt asserts that one state's witness described him as having "long" hair (which he alleged he did not have), the Illinois appellate court determined that the witness said he had "curly" hair but in any event he was not prejudiced by counsel's failure to counter this description because two other eyewitnesses also identified him in court. Because three witnesses identified Brunt as the assailant and he has not provided any evidence that information about his appearance would have discredited two of those witnesses, the Illinois appellate court's finding that he was not prejudiced by counsel's actions is not an unreasonable

application of *Strickland,* and the district court properly denied his petition.

Brunt also asserts that the district court erred by not holding a hearing on his ineffective assistance claims. But when, as here, a petitioner fails to develop the factual basis of his claim in state court, he may have a hearing on his petition only if the factual predicate of his claim could not have been previously discovered by the exercise of due diligence. 28 U.S.C. § 2254(e)(2); *Williams v. Taylor,* 529 U.S. 420, 429–30, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). Brunt knew the factual basis for his ineffective assistance claim at the time he filed his state post-conviction petition, and he has not asserted any reason why he could not have, at the very least, identified in his petition the witnesses whom counsel should have investigated and what their testimony would have been. He was therefore not entitled to an evidentiary hearing, and the district court did not err by denying him one.

AFFIRMED.