OPINION
PER CURIAM.
Antonio Vazquez appeals from the District Court’s denial of his motion for issuance of a conditional writ of habeas corpus. For the following reasons, we will summarily affirm.
In July 2000, a jury sitting in the Philadelphia Court of Common Pleas found Vazquez guilty of first-degree murder and a judge sentenced him to life in prison. After filing an unsuccessful direct appeal and a post-conviction petition in state court, Vazquez filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. The District Court denied the petition. Vazquez appealed and we reversed, directing the District Court to “order that the state authorities free Vazquez from custody unless he is retried in the state courts with the trial to start within a period of time the District Court fixes.” Vazquez v. Wilson, 550 F.3d 270, 284 (3d Cir.2008).
On remand, in an order entered on January 16, 2009, the District Court granted the Commonwealth sixty days to file a petition for writ of certiorari in the United States Supreme Court. If the Commonwealth chose not to seek certiorari, the order allowed the Commonwealth 120 days to re-try Vazquez from the date of its decision not to do so. On February 27, 2009, the Commonwealth chose not to seek a writ of certiorari. On June 12, 2009, the Commonwealth filed a motion to extend the time for state re-trial. In a June 17 order, the District Court granted the Commonwealth an additional 120 days to re-try Vazquez.[1] On the same day, Vazquez filed a motion to convert the conditional grant of habeas corpus into an absolute writ requiring his release. The District Court, citing the June 17 order granting the Commonwealth an extension, entered an order denying his motion. Vazquez filed a timely notice of appeal from that order.
We have jurisdiction over Vazquez’s appeal denying his request to make the conditional writ absolute and to release him pursuant to 28 U.S.C. § 1291. See Gibbs v. Frank, 500 F.3d 202, 205 (3d Cir.2007). “We exercise plenary review over whether the District Court correctly interpreted the instructions of our prior opinion.” Id. at 206.
Our decision in Gibbs v. Frank is squarely on point. In that case, also involving a Pennsylvania habeas corpus petitioner challenging the length of time set for re-trial, we held that the original 120-day period the District Court set for retrial was “eminently reasonable.” Id. at 207 (noting that 120 days comports with Pennsylvania’s Rule of Criminal Procedure 600(D)). In addition, we held that a District Court has broad discretion to alter the time period originally set for retrial. Id. at 207-08. That broad discretion includes “the ability to evaluate whether the Commonwealth has provided a legitimate reason for its delay in retrying a defendant subject to a conditional habeas writ.” Id. at 208. In excusing the untimeliness of Gibbs’ re-trial, we noted that the District Court gave careful consideration to comity by looking to a Pennsylvania state court procedural rule which excludes from the 120-day period any continuances granted at the request of the defendant or defendant’s attorney. Id. at 210.
*735 Vazquez has not alleged that any of the delays were attributable to the Commonwealth; he argues only that he wishes to be released in order to better prepare for his new trial. The Commonwealth asserted in its motion that it has located its witnesses and is ready to proceed to trial. Indeed, the Court of Common Pleas Docket shows that Vazquez or his counsel is responsible for the delays in commencing the trial.
On March 30, 2009, the Commonwealth and defense attorney Louis Nicholson appeared before the court and the defense requested a continuance. On April 8, 2009, the court ordered a hearing to determine whether Vazquez needed appointed counsel. On May 14, 2009, Vazquez appeared before the trial court with counsel present. At that hearing, the trial court removed defense counsel Norris Gelman and ordered Daniel Rendine to represent Vazquez.[2] On May 21, Vazquez officially filed a motion for appointment of counsel. The court listed the case for a hearing on June 9, 2009, to determine Rendine’s status. On June 9, Rendine indicated that he needed additional time for further preparation.[3] At the same hearing, the trial court also appointed another attorney, Judy Rubino, as a mitigation specialist to assist Rendine during the penalty phase of the trial.[4] The court scheduled the parties to appear again on July 14.
Given that the delay in starting trial is due to the appointment of new defense counsel, we think that the District Court acted "within its broad habeas authority in extending the time period for re-trial for an additional 120 days. Gibbs, 500 F.3d at 210.[5]
Accordingly, because this appeal presents us with no substantial question, we will summarily affirm the District Court’s order. See 3rd Cir. L.A.R. 27.4 and I.O.P. 10.6.

. Thus, the Commonwealth now had 240 days from February 27, 2009, to re-try Vazquez.

. According to the Commonwealth, Vazquez had been in contact with Gelman, who had been negotiating plea agreements with the Commonwealth. The Commonwealth, however, stated that Vazquez refused to cooperate with Gelman in his representation. Vazquez asserted in his motion that while he had preliminary discussions with Gelman, Gelman would not represent him until the two could meet in person.

. Recently, the Supreme Court, interpreting the Sixth Amendment's guarantee of a speedy trial, held that "[a]ssigned counsel, just as retained counsel, act on behalf of their clients, and delays sought by counsel are ordinarily attributable to the defendants they represent.” Vermont v. Brillon, - U.S. -, 129 S.Ct. 1283, 1287, 173 L.Ed.2d 231 (2009).

. The Commonwealth has indicated that it intends to seek the death penalty.

. We recognize that the District Court's order is, in one respect, broader than the order in Gibbs. Here, the District Court granted the Commonwealth an additional 120 days instead of excusing the delay within the original 120 day period. The practical effect of the District Court's order, however, is similar and is not an impermissible alteration of the original period. Gibbs, 500 F.3d at 207. Indeed, in Gibbs, the Court cited approvingly to a Seventh Circuit case in which the state moved for an extension of the re-trial period which the district court granted. Id. at 208 (citing Gilmore v. Bertrand, 301 F.3d 581, 583 (7th Cir.2002) (per curiam)).