In the

# United States Court of Appeals

### For the Seventh Circuit

No. 15-3559

ANTHONY BARNETT,

*Petitioner-Appellant*,

*v.*

RON NEAL, Superintendent, Indiana State Prison,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:10-cv-157 — **Theresa L. Springmann**, *Chief Judge*.

ARGUED APRIL 21, 2017 — DECIDED JUNE 20, 2017

Before WOOD, *Chief Judge*, SYKES, *Circuit Judge*, and
COLEMAN, *District Judge*.*

WOOD, *Chief Judge*. For more than a decade,
Anthony Barnett has been trying to set aside his Indiana
convictions for felony battery, felony burglary, felony
intimidation, and being a habitual criminal. He thought that

---

* Of the Northern District of Illinois, sitting by designation.

he had achieved success when the federal district court issued a conditional writ of habeas corpus in response to his petition, but the writ promised less than he thought. It offered the state the choice between releasing him outright, or giving him a new direct appeal in the state court. A procedural snarl ensued, at the end of which the district court gave the state extra time to seek the new appeal. Believing that he now has an unconditional right to immediate release, Barnett has appealed. We conclude that the district court was entitled to handle the matter as it did, and so we affirm its judgment.

## I

Barnett's underlying crimes have little to do with this appeal, which centers instead on some Indiana rules of criminal procedure and his federal habeas corpus action. We therefore omit any discussion of the underlying crimes. On December 13, 2002, the state returned a single charge of felony battery against Barnett. At that time, Indiana courts established an "omnibus date" in criminal cases; substantive amendments to charges had to be submitted no later than 30 days before that date. See *Shaw v. Wilson*, 721 F.3d 908, 911 (7th Cir. 2013) (citing Ind. Code § 35-34-1-5 (1982)). The trial court set the omnibus date for January 7, 2003, and so the last day for substantive amendment was December 8, 2002. Notwithstanding that fact, in February 2003 the prosecutor added felony burglary, felony intimidation, and habitual offender charges to the case. No one—in particular Barnett's trial counsel—seemed to notice the procedural misstep, and Barnett was later convicted on all charges and sentenced to 80 years' imprisonment. Barnett appealed, but his appellate lawyer also overlooked this problem.

Barnett, however, realized that he had an issue worth pursuing, and he did just that in both state post-conviction proceedings and in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He was unsuccessful until, just after the district court denied his section 2254 petition, this court released *Shaw*, which issued a writ of habeas corpus for an Indiana petitioner on precisely the same theory Barnett was pursuing. By that time, Barnett's case had reached this court. We remanded it to the district court for reconsideration in light of *Shaw*, and the district court granted relief in an order dated June 1, 2015. The language of that order is critical to the present appeal: it said "[w]ithin 120 days of this Order, the State must either release the Petitioner or grant him leave to file a new direct appeal with the assistance of counsel."

Barnett waited to see what would happen. When the state had done nothing as of September 29, 2015 (the 120-day mark), he took swift action. The very next day, he filed a request for immediate release. Indiana responded later that day. It asserted that it had misunderstood the June 1 order "as requiring the state courts to grant [Barnett] a new appeal upon his request." The state also reported that simultaneously with its response to Barnett's motion for immediate release, it had filed a request for a direct appeal in the state courts on Barnett's behalf. It asked the district court to extend the release date for 30 days so that the Indiana Court of Appeals would have time to decide whether to grant the new appeal. In an order dated October 14, 2015, the district court granted the state's request and extended the time to comply with the conditional writ to October 29, 2015.

The next day, October 15, 2015, Barnett filed a motion purportedly under Federal Rule of Civil Procedure 59(a) to alter

or amend the October 14 order. His motion once again sought immediate release. The court denied that motion in an order dated November 12, 2015, because the state had notified it that on October 27, 2015, the Indiana Court of Appeals had granted leave for Barnett to file a new appeal and had ordered a hearing in the trial court for purposes of appointing counsel for Barnett.

Barnett filed a Notice of Appeal in this court from the district court's October 14 order granting the state extra time to comply with the conditional writ, and from its November 12 order denying reconsideration of the October 14 order. This court construed his Notice of Appeal to include a request for a certificate of appealability, which we granted on November 7, 2016.

## II

The parties have exchanged words over the question whether a certificate of appealability was necessary for this appeal, but we see no need to delve into that question. These proceedings are more like post-judgment compliance proceedings than a direct appeal—neither the state nor Barnett is challenging the substance of the district court's June 1 order issuing the conditional writ. The statute requiring a certificate of appealability, 28 U.S.C. § 2253, requires one in an appeal "from the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). That is a poor description of this appeal, and so we think it more likely that the requirement for a certificate of appealability does not apply here. But even if it did, this court took the precaution of issuing such a certificate, and our certificate was broad enough to encompass the issues Barnett is presenting to us. Specifically, it orders the parties to "address whether the district court had authority to grant an

extension of time after the time to comply [with the conditional writ] had expired." That procedural inquiry is antecedent to the question whether Barnett had a constitutional right to immediate release as of September 30, 2015, under the June 1 writ. See *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

The next question we must address is what sort of animal the state's motion of September 20, 2015, was: A motion under Federal Rule of Civil Procedure 60(b), to alter or amend the judgment? A motion pursuant to post-judgment proceedings, and if so, governed by what law? What we do know is that the state's motion came long after the 28 days permitted by Federal Rule of Civil Procedure 59(d) for relief from the June 1 judgment. It thus seems to us that the best characterization of the state's motion is as a request for modification of the June 1 order to extend the time to decide how to respond from September 29 until October 29. Such a motion can be filed under Rule 60(b)(1). This appears to reflect the district court's thinking: The court accepted the state's argument that the June 1 order left unclear the question who was to pursue the possible new appeal in the Indiana courts. This reasoning calls to mind Rule 60(b)(1), which speaks of "mistake, inadvertence, surprise, or excusable neglect." Such a motion can be filed within one year of the underlying order or judgment, see FED. R. CIV. P. 60(c)(1), a deadline the state easily met.

Barnett argues that the state's motion fell instead under the catch-all provision of Rule 60(b)(6), because the state did not specify the subsection under which it was proceeding. But we are less worried about labels than substance, and we have thus held that "if the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the

catchall provision is not available." *Wesco Prod. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989); accord *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). We assume that Barnett prefers the Rule 60(b)(6) ground over the Rule 60(b)(1) ground because it is quite difficult to show the "extraordinary circumstances" the former requires for relief. *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 758 (7th Cir. 2015). But relief under Rule 60(b)(1) is also hard to obtain; it is not a substitute for an appeal, and so something more than ordinary error must be shown before relief will be granted. The choice of subsection does not, in any event, drive our decision here.

In many ways, this is a close case. We find it hard to believe that Indiana really thought that Barnett would want a second appeal, if outright freedom would be his after 120 days. The district court's June 1 order issuing the conditional writ seemed to leave the ball in the state's court: either take whatever steps are necessary to arrange for the new appeal, or let Barnett go. If the state was genuinely in doubt, nothing prevented it from asking the district court to clarify its order. From this perspective, its failure to do so does not seem to reflect "mistake, inadvertence, surprise, or excusable neglect."

On the other hand, there were some hidden problems in the court's order—problems serious enough that a reasonable person might think that the state's failure to take any action within the allotted 120 days stemmed from mistake or excusable neglect. Prominent among those problems is the fact that the executive authorities of the state—Superintendent Ron Neal, the Attorney General, and his subordinates—do not have the power on their own to grant a new appeal. The Indiana Constitution provides for a government in which the legislative, executive, and judicial powers are separated. See

Ind. Const. art. III, § 1; see also *State v. Monfort*, 723 N.E.2d 407, 411 (Ind. 2000). Note that this problem does not arise in the more typical conditional writs, in which the state is given the choice of instituting a new prosecution or releasing the petitioner. The executive authorities control prosecutions, but only the judicial branch can decide whether the criteria for a new appeal have been satisfied.

Moreover, the state attorney general does not represent Barnett, and so the state may have seen it as odd to be petitioning the state courts on Barnett's behalf. That strangeness dissipates somewhat if one bears in mind that the alternative was to set Barnett free, but the district court found the state's confusion understandable, and we cannot say that this was an abuse of discretion.

Had these matters been explored, there would have been other ways to solve the problem. Perhaps the district court might have required Barnett to seek a new appeal, and only if the state appellate court turned him down would he be entitled to release. Perhaps it would have been enough simply to spell out the fact that the court was requiring the attorney general to file a motion with the appellate court informing it of the conditional writ and requesting the court to open a new appeal—just as the state did when its back was against the wall on September 30, 2015. Perhaps another solution would have occurred to the parties.

We close with one final point. The fact that the district court did not issue its order extending the time for acting on the conditional writ before the original time ran out is not a problem. We held in *Gilmore v. Bertrand*, 301 F.3d 581, 583 (7th Cir. 2002) (*per curiam*), that "[l]ogically, the equitable

power of the district court in deciding a habeas corpus peti-
tion includes the ability to grant the state additional time be-
yond the period prescribed in a conditional writ to cure a con-
stitutional deficiency." The underlying constitutional viola-
tion about which Barnett was complaining was ineffective as-
sistance of appellate counsel, in violation of the Sixth Amend-
ment to the U.S. Constitution, as applied to the states through
the Fourteenth Amendment. The district court correctly rec-
ognized that one remedy for that violation was a new appeal
conducted by constitutionally effective counsel. That is the
remedy Indiana is now prepared to give to Barnett, and alt-
hough he obviously would have liked more, the state was en-
titled to the more precisely tailored option.

We AFFIRM the judgment of the district court.