**FIRST SOUTH PRODUCTION CREDIT ASSOCIATION; the Federal Intermediate Credit Bank of Jackson, Plaintiffs–Appellants,**

**Farm Credit Bank of Wichita, Plaintiff,**

v.

**The FARM CREDIT ADMINISTRATION; Marvin R. Duncan, Acting Chairman; Farm Credit Bank of Texas, Defendants–Appellees.**

No. 91–1166.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 3, 1992.

Decided March 5, 1992.

Nels J. Ackerson, Ackerson & Feldman, Chartered, Washington, D.C., argued (Nilda M. Mesa, M.A. Thomas, Ackerson & Feldman, Chartered, Washington, D.C.; C. York Craig, Jr., L. Keith Parsons, Watkins, Ludlam & Stennis, Sam E. Scott, Ott, Purdy & Scott, Ltd., Jackson, Miss., on brief), for plaintiffs-appellants.

Peter Rolf Maier, argued, Civil Div., U.S. Dept. of Justice, Christopher Thomas Corson, argued, Pepper, Hamilton & Scheetz, Washington, D.C., (Stuart M. Gerson, Asst. Atty. Gen., Robert G. Greenspan, Civil Div., U.S. Dept. of Justice, Washington, D.C., Gerald P. Norton, Pepper, Hamilton & Scheetz, Washington, D.C., Richard Cullen, U.S. Atty., Alexandria, Va., Victor Cohen, Anthony Torres, Farm Credit Admin., McLean, Va., Thomas F. Farrell, II, McGuire, Woods, Battle & Boothe, Alexandria, Va., Ky P. Ewing, Jr., Vinston & Elkins, Washington, D.C., Bill Zimmerman, Gen. Counsel, Farm Credit Bank of Texas, Austin, Tex., on brief), for defendants-appellees.

Before ERVIN, Chief Judge, and RUSSELL and WILKINSON, Circuit Judges.

## OPINION

PER CURIAM:

Plaintiffs First South Production Credit Association (First South), the Federal Intermediate Credit Bank of Jackson (Jackson FICB), and the Farm Credit Bank of Wichita filed suit in the Eastern District of Virginia challenging, *inter alia,* the determination by the Farm Credit Administration (FCA) that § 410(a) of the Agricultural Credit Act of 1987, Pub.L. No. 100–233, 101 Stat. 1568, required the merger of the Jackson FICB and the Farm Credit Bank of Texas (Texas FCB). Plaintiffs argued that the merger was unlawful both because it was not authorized by § 410(a) and because the amendment of the Texas FCB's charter, upon which the proposed merger was based, was unlawful. Upon cross-motions for summary judgment, the district court entered judgment for defendants on both the § 410(a) issue and the charter amendment issue. 729 F.Supp. 1559 (E.D.Va. 1990).

On appeal, this court reversed. 926 F.2d 339 (4th Cir.1991). We held that § 410(a) did not authorize the FCA to compel the merger, *see id.* at 343–47, and we stated that, in light of that holding, "we need not address" the question of the validity of the charter amendment, *id.* at 344 n. 2. We did not remand for further proceedings. After our judgment of reversal, the district court entered judgment for plaintiffs on the § 410(a) issue, but did so by "modifying" its prior order. This modification had the effect of reinstating the entry of judgment for defendants on the charter amendment issue. Plaintiffs First South and Jackson FICB filed a timely notice of appeal.

Appellants argue that, after this court reversed the judgment of the district court, that court should have done no more than enter judgment for plaintiffs and that its reinstitution of judgment for defendants on the charter amendment issue was improper. We agree. A fair reading of plaintiffs' complaint indicates that they pressed the illegality of the charter amendment as one of two alternative grounds for blocking the merger, which was the ultimate relief sought. Accordingly, this court's decision provided plaintiffs all the relief they were seeking and settled all legal questions presented by this litigation. This was indicated by our decisions not to reach the charter amendment issue and not to remand for further proceedings. After issuance of this court's mandate, therefore, there was nothing left for the district court to do but enter judgment for plaintiffs. Our judgment of reversal nullified the district court's original judgment, *see Wheeler v. John Deere Co.,* 935 F.2d 1090, 1096 (10th Cir.1991), and re-entry of judgment

for defendants was improper because there was no case or controversy then before the district court that justified further proceedings.

For the foregoing reasons, we vacate the order of the district court to the extent that it purported to enter judgment for defendants. We emphasize that we express no opinion on the validity of the amendment of the Texas FCB's charter. Resolution of that question is for another day.

*It is so ordered.*