NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0230n.06

No. 14-6349

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Apr 28, 2016
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| CLAUDE GRANT; PRINCESS MARTINDALE; FALETHA B. REID; DARRYL MCKIBBENS; DARREL GANT; ANTONIO McKISSACK; PAMELA TUCKER; SANDRA DERRICK, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) |  |
|  | ) | On Appeal from the United States |
| Plaintiffs-Appellants, | ) | District Court for the Middle |
|  | ) | District of Tennessee |
| v. | ) |  |
|  | ) |  |
| METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY, TENNESSEE, | ) ) ) ) |  |
|  | ) |  |
| Defendant-Appellee. | ) |  |

_____/

**Before: GUY, BOGGS, and COOK, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Plaintiffs appeal the district court's orders denying their motions to reopen discovery and closing this case. We affirm the orders denying plaintiffs' motions to reopen discovery, vacate the order closing the case, and remand.

**I.**

Plaintiffs brought suit under Title VII, alleging racial discrimination in employment. Following a bifurcated trial on plaintiffs' separate disparate-treatment and disparate-impact theories, a jury found for defendant on the disparate-treatment claims and the district court took the disparate-impact claims under advisement. Plaintiffs moved for a new trial on the disparate-treatment claims, which the district court granted, finding that the verdict was against the great weight of the evidence. Defendants appealed to this court and petitioned for a writ of mandamus ordering the district court to reinstate the jury's disparate-treatment verdict and to rule on the disparate-impact claims within 90 days. We granted defendant's petition to direct the district court to rule on the disparate-impact claims, but otherwise denied it and remanded for further proceedings. *In re Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 606 F.3d 855 (6th Cir. 2010). Neither plaintiffs nor the district court took any action to commence retrial of the disparate-treatment claims.

After considering plaintiffs' disparate-impact claims, the district court ruled in their favor and granted injunctive and compensatory relief. Defendant filed an interlocutory appeal, and this court reversed the judgment for plaintiffs, finding that they failed to make a *prima facie* showing of disparate-impact discrimination. *Grant v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 446 F. App'x 737, 742 (6th Cir. 2011). This court entered the mandate, making final its judgment for defendant on the disparate-impact claims. Plaintiffs' petition to the Supreme Court for certiorari was denied. *Grant v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 132 S. Ct. 1912, 1913 (2012).

More than three years later, plaintiffs moved to reopen discovery and set deadlines for supplementing proof on their disparate-impact claims, arguing that additional discovery was necessary because matters in controversy remained between the parties. Defendant opposed the motion, contending that this court's decision "already[ ]adjudicated," and was the "final word" on, plaintiffs' disparate-impact claims. Plaintiffs replied that the Sixth Circuit had not dismissed their disparate-impact claims with prejudice, and thus had not barred them from presenting additional proofs on remand.

In an order, the district court stated that it had signed an order in 2013 or 2014 closing the case, but, "[f]or reasons the Court does not know, the Order was not entered." It also concluded that "Plaintiffs' motion presents new claims based upon new facts," which must first be administratively exhausted. The district court denied the motion without prejudice and "again" closed the action, noting that "[w]ith the exhaustion of their claims, Plaintiffs can move to reopen this action." Plaintiffs filed another motion to reopen, arguing that they were not pleading new claims based on new facts, and that dismissal was inappropriate because their disparate-treatment claims were awaiting retrial. In a handwritten marginal order, the district court cryptically ruled: "Given the Sixth Circuit's mandate and the prior reasons for its earlier Order, this Motion is DENIED."

Plaintiffs appealed. Defendant subsequently moved in the district court for entry of judgment under FED. R. CIV. P. 54(b), arguing that plaintiffs had either "affirmatively decided not to seek retrial of their disparate treatment claims" or "s[ought] an [impermissible] interlocutory appeal to address their request to reopen proof on the

disparate impact claims." Both parties contended that the district court had jurisdiction to enter judgment on plaintiffs' disparate-impact claims under Rule 54(b) despite plaintiffs' appeal. The district court concluded otherwise, denying defendant's motion for lack of jurisdiction.

## II.

We review a district court's decision on a motion to reopen discovery for an abuse of discretion. *Lee v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 432 F. App'x 435, 443 (6th Cir. 2011). We likewise review for an abuse of discretion a district court's closure of a case due to inaction or failure to prosecute. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). Finally, we review *de novo* all questions of law, including those related to reconsideration of an order. *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 944 (6th Cir. 2004).

## III.

### A. Motion to Reopen Discovery

Plaintiffs misconstrue this court's decision reversing the district court's judgment on their disparate-impact claims. This court found as a matter of law that plaintiffs failed to establish a *prima facie* case of disparate-impact discrimination, reversed the contrary district court decision, and thereby foreclosed any opportunity for plaintiffs to retry their disparate-impact claims or supplement them with additional discovery. *See Arizona v. California*, 460 U.S. 605, 618 (1983) ("[w]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"). Though we did not explicitly state that plaintiffs could not bring their disparate-

impact claims anew, our decision not to remand those claims, in the context of our opinion, said as much. *Cf. First S. Prod. Credit Ass'n v. Farm Credit Admin.*, 958 F.2d 600, 601 (4th Cir. 1992) (per curiam) (explaining that a "decisio[n] . . . not to remand for further proceedings" left "nothing . . . for the district court to do but enter judgment"). The mandate issued by this court likewise did not permit the district court to allow further discovery or otherwise act on plaintiffs' disparate-impact claims. *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999) ("The basic tenet of the mandate rule is that a district court is bound to the scope of the remand issued by the court of appeals"); *see also Mason v. Mitchell*, 729 F.3d 545, 550 (6th Cir. 2013) ("[t]he trial court must proceed in accordance with the mandate and the law of the case as established on appeal") (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 549 (6th Cir. 2004)). To the extent the district court denied plaintiffs' motions because this court's final ruling prohibited reopening discovery, it was correct. The district court therefore did not abuse its discretion in denying plaintiffs' motions to reopen discovery. Rather, this court's final adjudication of plaintiffs' disparate-impact claims left no other option.

## B. Case Closure

Plaintiffs also challenge the district court's closure of this case without entry of an order or notice to the parties. The district court closed this case in 2013 or 2014, after years of inactivity, but failed to enter the required order or otherwise alert the parties until denying plaintiffs' first motion to reopen discovery some months later. Given the procedural complexity of this case, as well as the district court's ruling granting plaintiffs a new trial on their disparate-treatment claims, its non-entry of the necessary order at the

time of closing, and its "failure to articulate the reasons" for closing the case, *Henry v. Lennox Indus., Inc.*, 768 F.2d 746, 753 (6th Cir. 1985), closure of this matter was improper.

* * *

We **AFFIRM** the district court's order denying plaintiffs' motions to reopen discovery, **VACATE** the district court's order closing the case, and **REMAND** for further proceedings consistent with this opinion.