**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0437n.06

Nos. 11-3005/20-3429

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Jul 28, 2020

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JERONIQUE D. CUNNINGHAM, | ) | |
| | ) | |
| **Petitioner-Appellant,** | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| TIM SHOOP, Warden, | ) | DISTRICT OF OHIO |
| | ) | |
| **Respondent-Appellee.** | ) | |
| | ) | |

**ORDER**

**BEFORE: MERRITT, MOORE, and WHITE, Circuit Judges.**

On December 7, 2010, the district court denied Petitioner Jeronique Cunningham's habeas petition in its entirety. *See Cunningham v. Hudson*, No. 3:06-CV-0167, 2010 WL 5092705, at *1 (N.D. Ohio Dec. 7, 2010). Cunningham timely appealed, and we granted a certificate of appealability (COA) as to seven claims. *See Cunningham v. Hudson*, No. 11-3005, at 3 (6th Cir. July 27, 2011) (order); *Cunningham v. Hudson*, No. 11-3005, at 1–2 (6th Cir. Oct. 13, 2011) (order). On June 24, 2014, we vacated the district court's order denying Cunningham's habeas petition and remanded for consideration of whether his petition should be stayed while he litigated an unexhausted juror-bias claim in the Ohio state courts. *See Cunningham v. Hudson*, 756 F.3d 477, 479 (6th Cir. 2014). Once Cunningham exhausted this claim, he returned to federal court with an amended habeas petition, and the district court denied it. *See Cunningham v. Shoop*, No.

3:06-CV-167, 2019 WL 6897003, at *1 (N.D. Ohio Dec. 18, 2019). Cunningham timely appealed this judgment, resulting in a new appeal case (No. 20-3429) that is distinct from his original appeal case (No. 11-3005), the one we decided and terminated in 2014.

Cunningham now moves for "an order reinstating Appeal Case No. 11-3005, consolidating it with Appeal Case No. 20-3429, and permitting briefing on all claims for which COA have been granted." Pet'r's Mot. at 1, No. 11-3005; *see also* Pet'r's Mot. at 1, No. 20-3429. Cunningham asserts that since our 2014 remand order, "there have been procedural and substantive developments in habeas jurisprudence" relating to his various claims. Pet'r's Mot. at 3, No. 11-3005. The Warden responds that "there is no need to 're-open' [Cunningham's] appeals, because the Court has not rendered final judgment in either of his cases," and that Cunningham is "ask[ing] the Court, in the guise of 'consolidation,' to order re-briefing of claims already briefed extensively and previously subject to the opportunity for oral argument." Resp't's Mem. in Opp'n at 3–4, No. 11-3005.

We are persuaded by Cunningham's arguments. First, in Case No. 11-3005, the mandate issued on July 21, 2014, resulting in a final judgment. *See Mason v. Mitchell*, 729 F.3d 545, 551 (6th Cir. 2013). This case must be reinstated to permit review of the six claims at issue in Case No. 11-3005. Second, "as a matter of convenience and economy in administration," *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933), that case will be consolidated with Case No. 20-3429. Finally, Cunningham will be permitted to supplement his original briefing on the habeas claims before us with pertinent and significant authorities that have issued since June 24, 2014.

Cunningham's motion to reinstate Case No. 11-3005, to consolidate it with Case No. 20-3429, and to brief relevant developments in the law is **GRANTED**. Cunningham's opening brief shall not exceed 50 pages; if the Warden chooses to file a responsive brief, it shall not exceed 50 pages; and if Cunningham chooses to file a reply brief, it shall not exceed 25 pages. Briefs shall be limited to addressing the district court's 2019 decision as well as developments in the law that (1) are pertinent and significant to Cunningham's habeas claims before this court and (2) have issued since June 24, 2014. The Clerk's Office shall issue a briefing schedule.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk